Hair v. Moody.

| 9 | 399 |
| 94 | 140 |
| 94 | 330 |

## HAIR v. MOODY.

1. Although it is irregular for a court, at a subsequent term, to set aside a judgment of *non pros.* yet the irregularity is cured, if the defendant afterwards appear to the action.
2. It is the settled practice of this court, that the allowance of pleading out of time, is matter of discretion, the exercise of which is not the subject of revision.

Writ of Error to the County Court of Sumter.

THE writ in this suit was sued out by Moody, returnable to the February term of the County Court, and the pleadings are entitled of that term, though the replication was not filed until February, 1841. At the next term, in July, the cause was continued, on the 16th of that month, but afterwards, on the 21st, the suit was dismissed, at the instance of

the defendant, because no replication was filed to his second plea. At the next term, in February, 1842, the dismissal, or nonsuit was set aside, at the instance of the plaintiff, and against the wish of the defendant, who excepted to the action of the court. Afterwards, the cause was several times continued, at the instance of the defendant, but finally terminated in a judgment against him, at the July term, 1844.

The errors assigned, question the legality of setting aside the judgment of *non pros.* at a subsequent term, and the allowing of the plaintiff then to file his replication.

HAIR, *pro se*, cited Johnson v. Glascock, 2 Ala. R. 519 ; 11 Peters, 492 ; Smede v. Marshall, 1 Missouri R. 319.

MOODY, *pro se.*

GOLDTHWAITE, J.—1. There is no question with us as to the irregularity alike of the judgment of *non pros.* and of the order setting it aside. It seems the cause had been continued, at a period previous to the time when the nonsuit was asked, and consequently it was irregular then to grant the motion, however sufficient the reason for doing so, as the plaintiff was discharged from the court for that term. [Innerity v. Frowner, 2 Ala. R. 150.] The proper course for the plaintiff, under this condition of the suit, was to move some supervisory court for the necessary process to set aside or vacate the irregular judgment of *non pros.* The same course was proper to the defendant, when the plaintiff procured the *non pros.* to be set aside. Instead of this however, he subsequently appears in the cause, is active in its defence, and owing chiefly to this, as we must presume, the suit is prosecuted for many terms. In our judgment the irregularity was cured by the subsequent appearance of the defendant to the action.

2. As to the other question, we need not consume time in its examination, as it is the settled practice in this court, that the allowance of pleadings out of time, is a matter of discretion with the court, the exercise of which is not a subject of revision. Judgment affirmed.