## KIDD AND STAINTON *vs.* McMILLAN.

1. A court has no authority to set aside a final judgment, after the term at which it was rendered is closed.
2. Yet if the parties agree that the judgment may be set aside, and the cause tried again, and the court, in pursuance of such agreement, does set aside the judgment and proceed to try the cause again, the second judgment is not void for want of jurisdiction.
3. But the court is not bound, *even when the parties consent,* to set aside a final judgment at a term subsequent to its rendition, and to re-try the cause.

ERROR to the Circuit Court of Monroe.

Tried before the Hon. JOHN BRAGG.

BLOUNT & CUMMINGS, for plaintiffs in error:

1. Consent cannot give jurisdiction; but where a court has jurisdiction of a matter, the parties may agree to a re-hearing

or new trial. Such an agreement is binding if it is on good consideration. Ransom v. Peters, 2 Ala. 647; Nabors v. Camp, 14 Ala. 460.

2. A release of a judgment founded on good consideration, is a discharge of it, though not under seal. Wentz v. De Haven, 1 S. & R. 312; Whitehill v. Wilson, 3 Penn. Rep.; Benjamin v. McConnell, 4 Gilman.

3. In this case the consideration is a good one. Chitty on Con. 38. The agreement is in fact a release of the judgments, and no execution can issue on them. See cases above cited, and Dearborn v. Cross, 7 Cowen 48.

WILLIAMS & COCKE, contra:

1. The court has no power to set aside a judgment rendered at a previous term, except by consent of the parties. Noland et al. v. Lock, 16 Ala. 52; Walker v. Hale, 16 Ala. 26.

2. The motion in this case is not to set aside the execution, or restrain action, but in substance to set aside a former judgment, under an agreement, which being resisted, the party must be left to his remedy at law, or by some other proceeding than to restore case on the docket.

DARGAN, C. J.—This suit was commenced by McMillan against the plaintiffs in error, to recover a sum due on a promissory note. After the commencement of the action, an ancillary attachment was sued out, and James L. Lowell was summoned as a garnishee. Judgment by *nil dicit* was rendered against the defendants at the March term, 1851, they having withdrawn their plea; and a judgment was also rendered against the garnishee.

After this judgment was rendered, and execution had issued upon it, the parties entered into a written agreement, by which it was agreed, that the judgment against the defendants, Stainton & Kidd, and also the judgment against Lowell, the garnishee, should be set aside, and the cause again put upon the docket and tried *de novo*. At the next term subsequent to the making of said agreement, the parties appeared, and moved the court to set aside the judgment, and to reinstate the cause on the docket for trial; but it appearing to the court that a final judgment had been rendered, the motion was re-

fused. To the refusal of this motion the defendants excepted, and have brought the case to this court by writ of error.

It is very clear, that the court has no authority to set aside a final judgment after the term is closed at which it was rendered. Noland v. Lock, 16 Ala. 52; Walker v. Hale, ib. 26. But if the parties agree that it may be set aside and tried again, and the court, in pursuance of such agreement, does set the judgment aside, and proceeds again to try the cause, the second judgment is not void for want of jurisdiction. Lee v. Hogan, admr., decided at the last term.( ᴢᴏ᷎᷅ᴧ᷈᷅᷉ ᴉ᷅᷈ )

But the question before us is, whether the court is bound by law, even when the parties consent, to set aside a final judgment, at a term subsequent to its rendition, and re-try the cause. We think not. There must be a time when litigation must end, and that time is, after the adjournment of the court at which the final judgment was rendered. If the court was bound to try the cause again, at the request of the parties, there would be no end to litigation, if they saw proper to set aside the judgment rendered, and try the cause again; and thus the courts of the country would be compelled from time to time to re-try causes, to suit the caprice or whims of the parties. This, in my judgment, the courts are not bound to do. True, if it is done, we will not hold that the court acted without authority or jurisdiction. But we think the court may refuse to re-try the cause without violating any principle of law.

There is no error in refusing the motion, and the judgment must be affirmed.