## BYRD *vs.* McDANIEL.

1. After the dismissal of a bill for want of prosecution, the court has no jurisdiction to reinstate it at a subsequent term; but if the cause is reinstated at a subsequent term, and the defendant craves an appeal from the order, but afterwards engages in the defence—crossing interrogatories, entering into consent, &c.—he thereby waives his objection to the reinstating of the cause, and cannot take advantage of it on error.

2. When a bill is dismissed by the chancellor without a decision upon the merits of the case, and his decree is reversed on error, the safer practice is to remand the cause without determining its merits; thus enabling the parties to raise questions, and make motions, which may materially affect it, and which can only be made in the primary court.

ERROR to the Chancery Court at Greenville.

Heard before the Hon. J. W. LESESNE.

THE original bill in this case was filed in September, 1846, and the defendant answered in February, 1847. At the July term, 1847, on motion of the defendant, the bill was dismissed for want of prosecution, under the thirty-third rule of chancery

practice. In March, 1848, in vacation, the complainant filed a petition, asking that the order of dismissal might be set aside, and the cause be reinstated on the docket; and at the ensuing term the chancellor made an order granting the prayer of the petition—setting aside the previous order of dismissal, and reinstating the cause, on the payment of all costs; "and from this order the defendant, by his solicitors, in open court, prays an appeal to the Supreme Court, which is granted accordingly." The bill was subsequently amended, and the cause proceeded regularly to a hearing; depositions were taken by each party, service of interrogatories accepted, and cross-interrogatories filed; and the defendant made motions to suppress some of the complainant's depositions. The record does not show when the cause was submitted for final decree, nor when the final decree was rendered: it only shows that, on final hearing, the chancellor revoked and annulled the order reinstating the cause, and dismissed the bill, with costs; holding that the cause could not be reinstated after the close of the term at which it had been dismissed for want of prosecution.

The decree of the chancellor is now assigned for error.

JEFF. BUFORD, for the appellant:

1. When a bill is dismissed for the failure of complainant to appear at the time it is called for hearing, under the thirty-third rule of chancery practice, the power of the court to grant an application to set aside such default and dismissal is not limited or confined to the term at which such dismissal was made. Any other construction would render the last sentence of that rule nugatory; for, without any such provision as contained in that sentence, the court could grant such application at the term at which the dismissal was made. The only object of that provision in the rule was, to make it clear that the court could grant such application at a subsequent term.—Read v. Walker, 18 Ala. 333.

2. The court having the power to set aside the dismissal at a subsequent term, and having exercised that power by setting aside the dismissal and restoring the cause, it was erroneous to dismiss it at a subsequent term, in the manner and for the cause shown in the record.—State Bank v. Johnson & Jeffries, 9 Ala. 367.

3. The cause was finally dismissed, not for want of equity, nor for staleness of the demand, but solely because the court thought it had not power to set aside the default and dismissal. The court being thus "very erroneously influenced" to dismiss the bill finally, the dismissal must be reversed.—Grimshaw v. Walker, 12 Ala. 101; Cullum v. Casey & Co., 1 ib. 351; Shackelford v. King, 13 ib. 435.

4. Even if there was irregularity in setting aside the dismissal, the defendant waived all right to make objection thereto,—which waiver is evidenced in many modes in the record.—Hair v. Moody, 9 Ala. Rep.; Lampley v. Beavers, 25 ib. 534.

WATTS, JUDGE & JACKSON, contra:

The cause was first rightfully dismissed, under the thirty-third rule of chancery practice; the complainant not having appeared, either in person, or by counsel. The application to set aside this default should have been made at the same term at which the bill was dismissed. The "timely applicacation", contemplated by the thirty-third rule, is an application within the term at which the default is made. The cause having been dismissed at a regular term, the court had no power over it at a subsequent term, and could not reinstate it.—Cullum v. Casey & Co., 1 Ala. 353.

Courts of chancery have distinct terms for the transaction of business, as well as courts of law; and it is an established principle in this State, that a court cannot grant a new trial after the close of the term at which the trial was had, unless a motion for a new trial was made and continued at that term. Fitzpatrick v. Hill, 9 Ala. 784; Barr v. White, 2 Port. 342.

At the regular term at which the cause was reinstated, the defendant objected to the irregular and illegal action of the court, by praying an appeal to the Supreme Court. What else could he do? It is said, that he afterwards crossed interrogatories, &c., without protest. But was he required, every time anything had to be done after the cause had been reinstated against his consent and objection, to do it under protest? It would be nonsensical to require this. He appealed, or craved an appeal, from the decision reinstating the cause, which shows that he objected to the action of the court. The

cause having been reinstated without his consent, he was not required to abandon it, nor to do everything afterwards under protest. What course could he have pursued to have the error of the chancellor corrected? It was an error of which he could avail himself only after final decree. Hair v. Moody, 9 Ala. 399, is wholly unlike this case, and it cannot be sustained on principle, if the exception to the ruling of the court was properly taken and presented.

NOTE BY REPORTER.—The arguments of counsel on the points touching the merits of the case are omitted, because those points are left undecided by the court.

CHILTON, C. J.—The chancellor was wholly without jurisdiction to reinstate this cause at a term subsequent to that at which it had been dismissed and finally disposed of, no motion having been made for reinstating at the term at which it was dismissed, and continued to such subsequent term. The defendant might, therefore, have treated the whole proceeding as *coram non judice*, after the cause was again put upon the docket, or (which would have been, perhaps, the more appropriate course) have applied to this court for the writ of prohibition, to arrest the unauthorized action of the chancellor in proceeding with a cause in the absence of jurisdiction.— He did not, however, do this; but when the cause was ordered to be reinstated, he appealed to this court, and, without taking any further steps, went on to engage in the defence, by crossing interrogatories, entering into consent, objecting to the proof as illegal, &c. Under these circumstances, the defendant must be considered as having waived his objection to reinstating the case. The case of Hair v. Moody, 9 Ala. 399, is an express authority to this point, and we are not disposed to depart from the principle of that decision.

We might proceed to consider this case upon its merits; but we deem it the safer practice, when the court below has not determined upon the merits, to remand the cause, that it may do so, since, in many cases, great injustice may be done to suitors by depriving them of the right of raising questions, or of making motions, which might materially affect the merits, and which can alone be made in the primary court.

The statute is not imperative as to the rendition of a decree upon the merits in such cases (Code, § 3034); and such practice certainly conforms to the spirit of the constitution, which declares that this court "shall have appellate jurisdiction only," except in cases otherwise directed by it.

Decree reversed, and cause remanded.

RICE, J., having been of counsel for the appellant before his election to the bench, did not sit in this case.