Gager v. Doe, ex dem. Gordon.

---

## GAGER *vs.* DOE, ex dem. GORDON.

[EJECTMENT—JURISDICTION—WAIVER—EXCEPTION—VERDICT AND JUDGMENT.]

1. *Jurisdiction by consent.*—In a real action, the circuit court of the county in which the lands lie has jurisdiction of the subject-matter ; and it is competent for the parties, after a change of venue has been ordered, to come into court by consent, have the order rescinded, and give the court jurisdiction of their persons.

2. *Waiver of irregularity in change of venue.*—Where an order for a change of venue is, by consent of parties, rescinded by the court at a subsequent term, and the cause reinstated on the docket, a motion to strike the case from the docket, made after the lapse of several years, may be overruled.

3. *Exception how reserved.*—Where the bill of exceptions stated, that the plaintiff offered in evidence a certain deed, "to the introduction of which defendant objected ; and the court overruled the objection, and permitted

it to be read to the jury, against the objection of the defendant,"—*held*, that no exception or objection was reserved to the ruling of the court.

4. *Verdict and judgment.*—The jury having found a verdict for the plaintiff, assessing the value of the improvements and rents, their failure to assess also the value of the land is not available to the defendant on error, when the record shows that, before the rendition of judgment on the verdict, the plaintiff paid into court the damages assessed in favor of the defendant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. ANDREW B. MOORE.

This action was brought by Archibald W. Gordon against William D. Gager, to recover a city lot in Mobile ; and was commenced in November, 1850. The defendant appeared, entered into the usual consent rule, pleaded not guilty, and suggested three years adverse possession and valuable improvements. At the May term, 1851, on the application of the defendant, a change of venue was granted to Washington county, and it was ordered that the papers be transferred to the circuit court of that county. At the October term, 1851, of the circuit court of Washington, it was ordered that the cause "be transferred back to Mobile county"; and at the November term, 1851, of the circuit court of Mobile, it was "ordered by the court, by consent of both parties, that the order for a change of venue, made in this case at the last term of this court, be rescinded, and the cause continued." After this the cause was regularly continued, from term to term, by both parties, until April, 1855; when the defendant moved the court to strike it from the docket, on account of the change of venue to Washington, and the court overruled his motion.

On the trial, as appears from the bill of exceptions, "the plaintiff offered in evidence, to sustain his title, a deed made by John and Celeste Graves to Damner & Williams, to the introduction of which the defendant objected; and the court overruled the objection, and permitted it to be read to the jury, against the objection of the defendant."

The jury returned a verdict in these words: "We, the jury, find the defendant guilty of the trespass as the plaintiff has complained against him ; and we assess the value of the improvements on the premises at $3,000, and the value of the

rents at $2,854 20,—balance in favor of defendant $145,80." The judgment entry, after reciting the verdict, states, "and thereupon the plaintiff paid into court said sum of $145,80, the damages assessed in favor of the defendant." The defendant moved in arrest of judgment, because the jury did nòt by their verdict assess the value of the land; but the court overruled the motion, and rendered judgment for the plaintiff; and the defendant excepted.

The errors now assigned are: 1st, the overruling of the motion to strike the cause from the docket; 2d, the admission of the deed in evidence; 3d, the overruling of the motion in arrest of judgment; 4th, that there was no legal writ, summons, or declaration; and, 5th, that the court had no jurisdiction to render judgment in the cause.

WILLIAM BOYLES, JOHN T. TAYLOR, and ROBERT H. SMITH, for the appellant.—1. The court should have sustained the motion to strike the case from the docket. The statutory power to change the venue is restricted to a single change. The power thus conferred on the circuit judges is a special power, having no reference to their general jurisdiction. The circuit court of Washington had no original jurisdiction of the cause, the subject-matter being local; and its order, transferring the cause again to Mobile, was an absolute nullity on its face. In such case, consent of parties cannot confer jurisdiction. The change of venue to Washington county ousted the jurisdiction of the circuit court of Mobile, and there was henceforth no such cause in that court.—2 Yerger, 443; 4 Yerger, 579; 2 Gilman, 578; 1 Swan, 194.

2. The deed of Graves and wife, which purported to have been made by them as administrator and administratrix of Simon Favre, should have been excluded from the jury.— 21 Ala. 277; 4 Ala. 679; 10 Ala. 811; 6 Conn. 258, 387; 1 Sm. & Mar. Ch. 495; 4 Sandf. S. C. R. 374.

3. The verdict of the jury is a nullity, and no judgment could properly be rendered on it.—4 Howard, 131; 2 Wheaton, 221; 7 Halsted, 352; Code, § 2202.

GEORGE N. STEWART and E. S. DARGAN, contra.—1. The circuit court of Mobile had original jurisdiction of the cause.

If there was any irregularity in the change of venue, it was waived by the consent and acquiescence of the parties.

2. The record does not affirmatively show error in the admission of the deed from Graves and his wife.

3. The failure of the jury to assess the value of the land is, at most, error without injury. The value of the land is only necessary to be known, in case the plaintiff refuses to pay the assessed value of the improvements. But the record shows that the plaintiff, before the rendition of the judgment in his favor, elected to pay the assessed value of the improvements; and therefore the defendant's right to pay the value of the land never could arise.

STONE, J.—1. It may be conceded that, by the change of venue, the circuit court of Mobile county parted with jurisdiction over this case. Whether the circuit court of Washington county had power, by the consent of the parties, to re-transfer the case to Mobile, we need not now decide. The lands sued for lie in Mobile county, and the circuit court of that county has jurisdiction over the subject-matter. It was competent for the parties, by consent, to waive process, come into court, and thus give jurisdiction over their persons. Thompson v. Lea, 28 Ala. 453.

2. In the case of Byrd v. McDaniel, 26 Ala. 582, the chancellor had dismissed the bill, and the case was out of court— finally disposed of. At a subsequent term, when he had no authority whatever over the case, he made an order reinstating it upon the docket, against the objection of defendant. The identical papers which composed the file of the dismissed case, were the papers of the case thus reinstated. This court said, that the defendant might have treated the entire proceeding as *coram non judice*; but, because he "engaged in the defense, by crossing interrogatories, entering into consent, objecting to proof as illegal, &c.," it was considered that he had waived the objection, and the case was again in court. That case was much stronger for the appellee, than this. Here, the record shows that the order for change of venue was, by the consent of the parties, rescinded by the circuit court of Mobile county, and the case reinstated on the docket, at the fall term of that court, 1851. The case was then reg-

ularly continued on the docket, until spring term, 1855, when for the first time motion was made to strike the case from the docket. The court rightfully overruled the motion.—Hair v. Moody, 9 Ala. 399; Lampley v. Beavers, 25 Ala. 534; Rose v. Thompson, 17 Ala. 628; Vaughan v. Robinson, 22 Ala. 519.

3. The question of the admission of the deed from Graves and wife to Damner & Williams, is not so presented that we can review it in this court. The language of the bill of exceptions is, "Plaintiff offered in evidence, to sustain his title, a deed from John and Celeste Graves to Damner & Williams, to the introduction of which defendant objected; and the court overruled the objection, and permitted it to be read to the jury, against the objection of defendant." This we understand to be an objection to the offer *of the plaintiff*, and not to the *action of the court* on that offer. To raise the question in this court, the defendant should have gone further, and *excepted* or *objected* to the action which the court took on the plaintiff's offer or motion.—Sackett v. McCord, 23 Ala. 851; Chamberlain v. Masterson, at the present term.

4. It is not necessary that we should decide whether the jury found the suggestion of three years adverse possession in favor of defendant. They do not respond directly to that inquiry, but proceed to assess the value of the improvements, and the rents. If the verdict be held an implied affirmation of the truth of the suggestion, then it was the duty of the jury to assess the value of the lands. This error, however, was rendered harmless, by the payment of the assessed value of the improvements made by the plaintiff before judgment was rendered on the verdict. This rendered it impossible that the contingency ever can happen, on which the defendant will have the right to pay the assessed value of the land, and, in that way, acquire the title to it. If this was error, it was without injury.—Gilmer v. City Council, 26 Ala. 665.

The judgment of the circuit court is affirmed.