# McLendon *v.* Darden & Co.

## *Action on Promissory Note.*

*New trial; when illegal order granting, not waived, and may be assigned as error.*—Where a court, after the expiration of the term, vacates without warrant of law a judgment rendered by it, grants a new trial, restores the original case to the docket, and the plaintiff appears, objects to the proceeding and moves to dismiss it, and—his objection being overruled—enters on a second trial in which judgment is rendered against him, he may appeal, and rest on the introduction of the case in the court below, by the grant of the new trial, as an error fatal to the judgment.

APPEAL from Circuit Court of Chambers.
Tried before Hon. LITTLEBERRY STRANGE.
At the spring term, 1868, of the circuit court, McLendon,

[McLendon v. Darden.]

the appellant, recovered judgment against the appellees, Darden & Co., for three hundred and thirty-seven dollars and eighty cents and costs.

Execution, on this judgment, having been levied on property of appellees, they, on the 13th of February, 1869, addressed a petition to the presiding judge (Hon. LITTLEBERRY STRANGE) praying an order to the sheriff to desist from all further proceedings under the execution; that the judgment rendered be set aside, and a new trial be granted, and for general relief.

The grounds of the application were, that the judgment was recovered on a note made by the petitioners for iron needed in ironing wagons to be used in the war against the United States; that appellees were government contractors for the Confederate States, and that the payee of the note who sold it to McLendon knew this, and the purpose for which the iron was to be used, and that he participated in the purpose and design "to aid the war of the rebellion" in said transaction,—"wherefore the consideration of said note is illegal, ruinous and void, and the judgment rendered thereon is, or should be, declared void." The judge, in vacation, directed an order to the clerk to issue an order to the sheriff, commanding him forthwith to return the execution and await further proceedings of the court in term time. The application for new trial was continued until the fall term, 1870, when the appellant moved to dismiss the petition, &c., on the grounds that it was not filed within four months after the rendition of the judgment; and if that motion was overruled, then he demurred, because the petition went to matters behind the judgment, and there was nothing to show that the defence could not have been made before judgment.

The court, on the ground that these objections came too late, overruled them, quashed the execution, set aside the judgment, and reinstated the case on the docket for trial. A trial was had at the spring term, 1872, which resulted in a verdict for the defendants. The appellant reserved a bill of exceptions on the trial, and brings the case here by appeal.

Among the errors assigned were rulings of the court below on the last trial, and that the court erred in overruling the motion to dismiss, and the demurrer to the petition, and in setting aside the judgment, and in granting a new trial.

J. J. ROBINSON, for appellant.

G. W. GUNN, contra.

[McLendon v. Darden.]

BRICKELL, C. J.—The proceeding in the circuit court by which a new trial was obtained, does not in any respect conform to, and can derive no support from the statutes, (R. C. §§ 2812–17). Nor are we aware of any statute under which it can be supported. After service of process, an appearance, a trial by a jury, a verdict and judgment, upon a ground of defence to the suit, available before judgment, without an allegation of fraud, accident, mistake or surprise; indeed, without any excuse for not defending against the judgment, the circuit judge in vacation, near twelve months after judgment, entertains an application for a new trial or rehearing, supersedes and stays the execution of the judgment without bond and surety. In term time the application is heard, a new trial granted, the judgment vacated, and the original cause restored to the docket. Consistently with every fact stated in the petition or disclosed by the record, the defence preferred by the petition may have been the defence urged on the first trial, and which was unavailing to bar the action. The court had no power and no warrant in law for this proceeding. The judgment rendered was beyond its control. That judgment as it appears in the record, was without error, and irreversible in this court.

·· It is insisted, however, that as the appellant appeared after the court had made this order, and proceeded a second time to trial, he is now precluded from availing himself of the error of the court. If the appearance had been voluntary, and without objection to the unauthorized action of the court, it may be, he would be considered as having consented, or waived all objection to the proceeding. *Hair* v. *Moody,* 9 Ala. 399 ; *Byrd* v. *McDaniel,* 26 Ala., 582. But he appears and objects to the proceeding, and submits a motion to dismiss the application which is overruled. There is no room for a presumption of consent or waiver. It would have been probably more appropriate for the appellant to have applied to this court for a remedy to have arrested the vacation of the judgment he had obtained. Under repeated decisions of this court he could not have appealed from the order of the court granting the new trial, and vacating the judgment. *Ketchum* v. *Dennis,* 41 Ala. 183 ; *Broyles* v. *Maddox,* 43 Ala, 357; *Callahan* v. *Lott,* 42 Ala. 167 ; *Carroll* v. *Vaughn,* 48 Ala. 352. The order granting the new trial was interlocutory—the final judgment was the judgment pronounced on the subsequent trial of the original cause. *Carroll* v. *Vaughn, supra.* When that judgment was rendered, adversely to the plaintiff, an error fatal to it, was the introduction of the cause into the court by the grant of the new

[Government Street R. R. *v.* Hanlon.]

: trial. That error is available on an appeal from the judgment. Otherwise, the circuit court by its wrongful action, could deprive parties to judgments of the legal rights the law attaches to them. The principle of the case of *Steamboat Empire* v. *Ala. Coal Mining Co.*, 29 Ala. 698, is applicable. In that case a defendant had moved to dismiss a suit for want of security for costs, and the motion was improperly overruled. After final judgment against him, he appealed to this court, assigning as error the refusal to dismiss the suit. That he could by *mandamus* have compelled the dismissal was conceded, but the court declared the error was available on appeal, and fatal to the judgment.

Without considering the matter of the bill of exceptions reserved on the last trial, the judgment of the circuit court must be reversed and the cause remanded, with instructions to the circuit court to set aside and annul the judgment, as having been improvidently granted, without authority of law, vacating the judgment rendered at the spring term, 1868, and to dismiss the application made by appellees for a new trial.