# Johnson *v.* Bell.

### *Settlement of Administration in Court of Equity.*

1.  *When party to bill in equity estopped from objecting, on appeal, to order granting rehearing.*—Where, after a rehearing was granted in a suit in equity on application of the defendants, the complainant, without objection, entered upon a second trial, he there impliedly consented for the court to pass judgment upon the merits; and he is, therefore, estopped from raising the objection, on appeal, that the order granting the rehearing was made in vacation, and did not come within the influence of the 80th Rule of Chancery Practice.

2.  *Decree of distribution of assets of estate between distributees ; when free from error.*—On the principle that equality is equity, it was held that, under the facts of this case, the decree of the chancellor, making distribution of the assets of a decedent's estate among distributees, was free from error.

APPEAL from Limestone Chancery Court.

Heard before Hon. THOMAS COBBS.

In the matter of the final settlement of the administration of A. Houck upon the estate of Hopkins L. Houck, deceased, had before the register of said court, under a decree taking jurisdiction of said estate, and ordering a reference, on bill filed for a final settlement and distribution, by Josephine Johnson, one of the distributees, entitled to a distributive share of one-half, against said administrator, the administrators of the estate of William Grizzard, deceased, who was a surety on the administration bond of the said A. Houck, and another surety thereon, and also against Charles N. Bell and Charles H. Bell, the other distributees in said estate, entitled together to a distributive share of one-half, they taking *per stirpes.*  The administrator being insolvent, a receiver was appointed to collect, and who did collect a claim against the Government, which had been allowed by Congress to said estate.  The net proceeds of this claim were afterwards paid over to the register, and the contention is over the distribution of this fund.

On June 9, 1879, a compromise was made between the parties, by which it was agreed, that A. Houck, as administrator of the estate of Hopkins L. Houck, was indebted to said estate in the sum of $5,592.27 ; that the estate was indebted to the administrators of the said William Grizzard in the sum of

[Johnson v. Bell.]

$1,806, which was to be deducted from the amount due from A. Houck on account of his administration; that the complainant had been paid on her distributive share $1,580.15, but that the administrator had paid nothing to the Bells, the other distributees, on their distributive shares; that the payments made to the complainant should be credited on her share in the balance remaining due from the administrator, after deducting what the estate owed to the administrators of said Grizzard, and that her decree for the balance due her on her distributive share should be "receipted in consideration of the premises;" and that the funds paid to the register by the receiver "shall be disposed of as equity and justice require." The register made a report in accordance with the terms of this compromise, and the cause was submitted for decree on the report, and also on a petition, previously filed by the defendants, Bells, averring that they had also compromised with the administrators of William Grizzard his liability to them as surety on the bond of A. Houck, as administrator of the estate of Hopkins L. Houck, for $750, which had been paid to them; that this was all they had received from said estate; and insisting that the funds in the hands of the register should be paid to them.

The chancellor, Hon. H. C. Speake, held the cause up for decree in vacation; and on 8th October, 1880, filed in the register's office a decree, based on the agreement of compromise, discharging the administrators of William Grizzard, and also the estate of A. Houck, he having died after the commencement of this suit, from further liability to the distributees of the estate of Hopkins L. Houck, and distributing the said fund in the hands of the register, then amounting to $738.70, one-half to the complainant, and the other half equally between the Bells.

On 24th November, 1880, in vacation, on application of the Bells, a rehearing was granted in the cause by Hon. Thomas Cobbs. This application appears to have been filed in the register's office on 5th November, 1880, and seeks a rehearing as to the distribution of the fund in the hands of the register.

At the spring term, 1881, the cause was again submitted for final decree, on the report of the register, agreement of parties, etc., both parties appearing by their solicitors, and no objection being made by either party, so far as disclosed by the record. On this submission the chancellor caused a decree to be entered, finding and declaring that the fund in the hands of the register was insufficient to make the share represented by the Bells equal to the amount which had been received by the complainant, and therefore ordering that said fund be equally distributed between the said Bells.

That decree and the order granting the rehearing are here assigned as error.

CABANISS & WARD, for appellant.

McCLELLAN & McCLELLAN, *contra.*

SOMERVILLE, J.—It is objected by appellant's counsel, and assigned for error, that the chancellor had no authority to grant a rehearing in this cause *during vacation,* and re-instate it upon the docket of the chancery court to be again tried. Whether the enrollment of such an order, at any time before the second day of the next ensuing term, would not operate to bring the case within the influence of Rule 80 of Chancery Practice, need not be decided. It is enough that the appellant entered upon the second trial, after re-instatement of the cause, without objection, and consented impliedly for the court to pass judgment upon the merits. This would estop her from raising the objection at this time in the appellate court.—*Byrd v. McDaniel,* 26 Ala. 582; *Walker v. Jones,* 23 Ala. 448; *Hair v. Moody,* 9 Ala. 399.

The disposition made by the chancellor of the fund in the hands of the register was, in our judgment, correct. The appellant and the Bells were entitled respectively to one-half of the entire estate of Hopkins L. Houck by way of distribution, after the payment of all lawful charges against it, in the hands of the administrator. This interest in the money and *choses in action* was an undivided equitable interest. The compromises made with the administrator and his sureties must enure equally to the benefit of the distributees, taking, of course, *per stirpes* and not *per capita.* Equality is equity, and this rule must prevail in the absence of its abrogation by agreement of parties litigant who contract *sui juris.*

Affirmed.