# Clark, Adm'r, *v.* Rose.

### *Bill in Equity to Quiet Title to Land.*

1. *Want of proper pleadings; when may be waived.*—When the court has jurisdiction over the subject-matter, and the necessary parties are before it, by consent, the want of appropriate pleadings may be waived, and questions not presented by the pleadings may be submitted for the consideration and decision of the court; but, in such case, a decree that passes beyond the agreement of the parties, and is without proper pleadings to support it, is erroneous.

APPEAL from Greene Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 16th September, 1879, by Thomas A. Rose against Thomas C. Clark, as the personal representative of the estates of Benjamin T. and George G. Higginbotham, both deceased, and against the heirs of said decedents, and others ; and the case made thereby may be stated as follows: On 13th November, 1863, Benjamin T. Higginbotham purchased, at a sale made by one Wilson, as administrator of

[Clark, Adm'r, v. Rose.]

the estate of Thomas C. Jordan, deceased, under the decree of the probate court, designated lands situated in Greene county. At the time of said sale, the said Benjamin T. was the administrator of the estate of George G. Higginbotham, deceased; and he paid for the lands so purchased with funds in his hands belonging to said estate, for which, on a partial settlement made by him of his administration upon said estate, he afterwards obtained credit. No deed, however, was executed by the said Wilson, as administrator of the estate of Thomas C. Jordan, conveying said lands to Benjamin T. Higginbotham, or to any one else. The sale was confirmed, and, upon its confirmation, Benjamin T. Higginbotham took possession of the lands, and continued therein until his death, in 1870. On 20th November, 1876, Thomas C. Clark, as the administrator of the estate of Benjamin T. Higginbotham (which estate had been duly declared insolvent), under a decree of the probate court, sold said lands as the property of said estate, and at the sale the complainant became the purchaser, executing to the administrator his promissory notes for the purchase-money. To the application for the sale of the lands, the heirs of said decedent, who were also the heirs of George G. Higginbotham, were made parties; and, as heirs of the said George G., they employed counsel to resist the application. Afterwards, however, and before the decree of sale was entered, an agreement was made between the administrator and the counsel for the heirs, that a decree for the sale of the lands should be entered, and the lands sold, without objection, and that "the proceeds of said sale should become the subject-matter of litigation and contest between the said parties just as, and to the same extent the said lands and the title thereto, legal or beneficial, would have been, in the absence of said agreement." The terms of this agreement were proclaimed at the sale, and complainant was thereby induced to purchase. The complainant having failed to pay said notes at maturity, the administrator recovered judgment thereon against him in the circuit court of Greene county, at the spring term, 1879. The complainant went into possession of the lands under his purchase, and continues to hold the same. It is averred that the said heirs of George G. Higginbotham, after the recovery of said judgment, refused to abide by, and repudiated said agreement, and threaten legal proceedings to recover the possession of the lands. The prayer of the bill is, that title to the land be made to the complainant, on his paying the purchase-money; or that the sale be set aside and held for naught, and that the collection of said judgment be enjoined; and for general relief.

The complainant having paid the purchase-money into court under a consent decree entered in the cause, and having sold

[Clark, Adm'r, v. Rose.]

and conveyed said lands to James B. Head, an agreement was made between the parties to the cause, on 26th July, 1882, that a decree should be entered, divesting the title to the lands out of the defendants, and vesting it in the said Head; and that "said cause be now submitted to the said chancery court, to determine and decree to whom said money, the proceeds of said land, belongs, and what disposition shall be made of the same, and to make all necessary and proper orders and decrees in relation thereto, upon the pleadings and proof in the cause."

On a submission of the cause on this agreement, and upon the pleadings and proof, the chancellor caused a decree to be entered, the material portions of which, bearing on the points decided, are sufficiently stated in the opinion; and that decree is here made the basis of the assignments of error.

T. W. COLEMAN and T. C. CLARK, for appellant.

W. P. WEBB and ENOCH MORGAN, contra.

BRICKELL, C. J.—The material questions decided by the chancellor are, first, that the funds used by Benjamin Higginbotham in the purchase of the lands were not his own, but were assets of the estate of George G. Higginbotham, of which he was administrator; invested in the purchase, because of their uncertain, fluctuating value, as the best expedient for making them available to the heirs or next of kin. The second is, that the heirs and next of kin have an equity to pursue, and take in lieu of the lands, the moneys derived by the appellant from a sale of them made by him as administrator of Benjamin Higginbotham. It may be conceded to the appellant that there is a want of appropriate pleading presenting this question, and upon which to base a decree granting relief to the heirs and next of kin. The court had, however, jurisdiction over the subject-matter, and the necessary parties were before it. The want of pleading the parties could waive, and it was waived by the agreement in which the appellant joined, submitting these questions for the consideration and decision of the court. The consent of parties, express or implied, can not confer jurisdiction; but the element of jurisdiction that consent can not supply, is of subject-matter, which must be conferred by law. Whatever pertains merely to bringing the case, the subject-matter, before the court having jurisdiction, may be waived, or it may be supplemented by consent of parties.—Thompson v. Lea, 28 Ala. 453; Gager v. Gordon, 29 Ala. 341. The facts upon which the decree is based are very clearly and satisfactorily shown by the evidence, and so far as the decree is within the scope of the agreement of the parties, the appellant has no cause to complain of it.

The decree, however, passes beyond the agreement, and, without pleading, assumes jurisdiction of the settlement of the administration of the appellant, as administrator of George G. Higginbotham. A decree without proper pleading to support it, the want of pleading not being waived, is erroneous.—1 Brick. Dig. 743, § 1343; *Flewellen v. Crane*, 58 Ala. 627. In this respect the decree must be reversed and corrected at the costs of the appellee ; in all other respects it is affirmed.