# Coltart *v.* Moore.

*Statutory Action in nature of Ejectment.*

1. *Form and sufficiency of verdict.*—In a statutory action in the nature of ejectment, the suggestion of adverse possession and the erection of valuable improvements being found true, and the value of the improvements being assessed, or their excess above the rents (Code, §§ 2951–54), the verdict should go further, and assess the value of the lands without the improvements.

2. *Judgment on insufficient verdict; how corrected.*—Such verdict being defective, the court may set it aside during the term, and award a *venire de novo*; and a judgment rendered on it would be reversed on appeal.

3. *Same; waiver of irregularity.*—Judgment having been rendered on such defective verdict, but set aside, on motion, at a subsequent term, after which the cause was, for several terms, treated as a case pending and undecided; the irregularity, if any, in setting it aside, is waived, and the irregular order can not be vacated on motion, as a void judgment or order may be.

[Coltart v. Moore.]

APPEAL from the Circuit Court of Madison.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Edward H. Moore and others, against Charles Reagan, to recover certain premises, particularly described in the complaint; and was commenced on the 5th April, 1876. Mrs. Harriet E. Coltart intervened as owner of the premises, and was admitted to defend; and she thereupon pleaded not guilty, and entered a suggestion of adverse possession for three years and the erection of valuable improvements. Issue was joined on his plea and suggestion, and a trial had at the December term, 1878, when the jury returned a verdict in these words: "We, the jury, find the issues in favor of the plaintiffs, and allow the defendants all the rents accrued, and $774 over the rents for improvements; and that the suggestion of adverse possession for three years and improvements is true." On this verdict the court entered up judgment as follows: "It is therefore ordered by the court, that the plaintiffs have and recover judgment against the defendants, for the costs in this behalf expended, for which let execution issue." At the same term of the court, the defendant entered a motion for a new trial, and the motion was overruled at the next term, to which it had been regularly continued. At the June term, 1879, the plaintiffs entered a motion "to set aside the verdict, and to reinstate the cause upon the trial docket," on account of the insufficiency of the verdict; and at the same term, the court granted the motion, and set aside the judgment; "to which ruling," as the judgment-entry recites, "the defendant objects and excepts." The cause was afterwards continued for several terms, at which a lost complaint was substituted, the death of one of the plaintiffs suggested, the marriage of another, etc., until the February term, 1884, when the plaintiffs filed a petition and motion, asking to amend the original judgment, *nunc pro tunc*, "so as to show by reference and description the lands recovered by plaintiffs, and in other respects as may seem right and proper." On the hearing of this motion and petition, at a subsequent term, all the papers in the cause, the records and dockets, being before the court as evidence, the motion and petition was granted, and a judgment *nunc pro tunc* was rendered, as follows: "It is therefore considered and adjudged by the court, that the plaintiffs have and recover of the defendants the possession of the lands described in their complaint, as follows," describing them; "and it further appearing from the verdict of the jury that the suggestion of three years adverse possession and improvements is true, and that the value of the improvements exceeds the rents by $774, it is ordered by the court, that no writ of possession issue for one year from this date; and it is

[Coltart v. Moore.]

further ordered, that the plaintiffs have, and recover of the defendants the costs," etc.

The defendant duly excepted to this ruling and judgment, and here assigns the same as error.

D. D. SHELBY, and R. W. WALKER, for appellant.—The verdict of the jury was substantially defective, and no valid judgment for the plaintiff could be entered on it. The effect of the statute, when there is a suggestion of adverse possession and the erection of valuable improvements (Code, §§ 2952–54), is to require a special verdict, in which all the facts must be found, and which can not be aided by intendment.—Proffatt on Jury Trials, §§ 435–44; *Traun v. Wittick*, 27 Ala. 562; *Toulmin v. Lesesne*, 2 Ala. 359; *Clay v. State*, 43 Ala. 352; *Lee v. Campbell*, 4 Porter, 198; *Sewell v. Glidden*, 1 Ala. 52; *Moody v. Keener*, 7 Porter, 218; 2 Wheat. 221; 47 N. Y. 596. The bill of exceptions sets out all the evidence, and shows nothing which authorized the rendition or amendment of a judgment *nunc pro tunc*.— *Whorley v. M. & C. Railroad Co.*, 72 Ala. 20; *Buchanan v. Thomason*, 70 Ala. 401; *Kidd v. McMillan*, 21 Ala. 325; Freeman on Judgments, §§ 70, 90, 96; *Herring v. Cherry*, 75 Ala. 376; *Gray v. Brignadello*, 1 Wallace, 627; 18 Maine, 183; 45 Mo. 171. The judgment, as rendered *nunc pro tunc*, is erroneous, because the verdict had been set aside on the plaintiff's own motion; and because it does not direct the writ of possession to be held up for one year.—Code, § 2954.

JNO. D. BRANDON, O. R. HUNDLEY, and B. P. HUNT, *contra*. The original judgment was not void, though the verdict was informal, since the court had jurisdiction of the subject-matter and of the parties; and not being void, the court had no authority to set it aside at a subsequent term.—*Buchanan v. Thomason*, 70 Ala. 401, and cases cited; Freeman on Judgments, § 90; *Harris v. Billingsley*, 18 Ala. 438; *Nolan v. Locke*, 16 Ala. 52; *Slatter v. Glover*, 14 Ala. 648; *Griffin v. Griffin*, 40 Ala. 296; *Cole v. Conolly*, 16 Ala. 271; *Barron v. Tartt*, 18 Ala. 668; *Lyon v. Odom*, 31 Ala. 234. As to the plaintiffs in the action, the verdict was general and sufficient, and it could not be set aside at a subsequent term.—*Chapman v. Holding*, 60 Ala. 522; *Alexander v. Wheeler*, 69 Ala. 332; and cases above cited. The order setting aside the verdict and judgment being void, the original judgment was not affected thereby; and it was properly amended *nunc pro tunc*, on the evidence adduced.—*Taylor v. Harwell*, 65 Ala. 1, 16; *Nabors v. Meredith*, 67 Ala. 335. See, also, the following cases: *Hair v. Moody*, 9 Ala. 399; *Byrd v. McDaniel*, 26 Ala. 582;

[Coltart v. Moore.]

*Rose v. Thompson*, 17 Ala. 628; *Vaughan v. Robinson*, 22 Ala. 519.

STONE, C. J.—The appellees, Moore and others, brought a statutory real action for the recovery of a lot of land in the city of Huntsville, described in the complaint by metes and bounds. The action was commenced in 1876, against Reagan, and Mrs. Coltart was, at her instance, made defendant as the asserted owner of the lot. . She pleaded " not guilty," and suggested upon the record that " she, and those whose possession she has, for three years next before the commencement of this suit, have had adverse possession of the property sued for, and during said adverse possession she and those whose possession she has have put upon said property permanent improvements, of the value of two thousand dollars." At the December term, 1878, the case came on to be tried on the issues stated above, and the judgment-entry, after stating the organization of the jury, proceeds to affirm that they, "on their oaths, do say, ' We, the jury, find the issues in favor of the plaintiffs, and allow the defendants all rents accrued, and seven hundred and seventy-four dollars over the rents for improvements, and that the suggestion of three years adverse possession and improvements is true.' It is further ordered by the court, that the plaintiffs have and recover judgment against the defendants, for the costs in this behalf expended, for which let execution issue." This is, in substance, the whole of the judgment-entry.

The proceedings in this suit were under the Code of 1876, chap. 5, title 1, part 3, commencing with section 2948. The particular sections which deserve consideration in this case are 2951 to 2954, inclusive. It will be seen that the judgment is very imperfect. It not only fails to describe the land recovered, but it fails to render judgment for the land. The judgment might have been corrected, and made full in this particular, by reference to the complaint, which contains a sufficient description. There is, however, a serious defect, found alike in the verdict and in the judgment, for the correction of which the record furnishes us no *data*. The verdict, after ascertaining that the suggestion of three years adverse possession was true, that the value of the permanent improvements exceeded the amount of the rents, and the amount of the excess, should have gone farther, and found "the value of the lands and tenements, . . not including the increased value thereof by reason of the improvements."—Code, § 2952. In the absence of such finding, the truth of the suggestion of adverse possession and improvements being first found, the verdict did not respond to all the issues, and a proper judgment, doing com-

[Coltart v. Moore.]

plete justice between the parties, could not be rendered.   We are unable to perceive how a judgment, pursuing the verdict, could have been executed, unless the plaintiff voluntarily paid the excess of improvements over the rents.   The statute requires a stay of execution for one year, and only for one year, "unless the plaintiff, or his legal representative, pay the defendant, or deposit with the clerk for him, the excess of the assessed value of the improvements over the value of the use and occupation."—Code, § 2953.   If he fail to pay such excess, then the defendant is not without remedy.   If the payment be not made within the year, the defendant has other three months within which to pay the assessed value of the land, and doing so, the plaintiff is forever barred of his writ of possession.—Code, § 2954.   How can this payment be made, if there has been no assessment of value?—See *Gager v. Gordon,* 29 Ala. 341.

We have no doubt that, when the verdict was received, the Circuit Court should have sent the jury back, that they might inquire of, and respond to the question of the value of the lands, irrespective of the improvements.   We have as little doubt that, if he had refused to do so, and had rendered judgment on the verdict, that judgment would have been reversed on appeal to this court.   Nor do we doubt the duty of the court to set aside the verdict, and award a *venire de novo,* if it had been moved for during the term at which the verdict was rendered.   Neither of these lines of conduct was pursued in this case.

At the next term—June, 1879—the plaintiffs, Moore and others, moved to set aside the verdict of the jury, and reinstate the case upon the trial docket, for the following (among other) reasons:   1st. The same is void upon its face.   3d. It finds only a part of the issues.   This motion was granted by the court.   No further orders in the cause appear in the record before us, until the June term, 1882.   At that term appears the following entry :   "Came parties by their attorneys, and death of Fannie Thompson, a plaintiff in this cause, is suggested ; and ordered by the court, that this cause be, and is hereby continued."   At the summer term—August, 1883—the following entry was made:   "Came parties, by their attorneys, and plaintiffs allowed to substitute complaint.   Substituted complaint filed.   Marriage of Fannie B. Moore to John A. Thompson before her death suggested, and leave to revive her interest in suit in name of John A. Thompson."   No other orders appear in the transcript, between June, 1879, and February, 1884.

At the February sitting, 1884, the plaintiffs filed a petition, and made a motion in the Circuit Court, to vacate and set aside said order of June, 1879, to remit the cause to its *status* before

[Lowe v. Martin.]

that order was made, and to enter up, *nunc pro tunc,* the proper judgment of the court on the verdict of the jury rendered in December, 1878. That motion was resisted, but was in all respects granted by the court. The judgment is in all things formal, except that neither the verdict nor the judgment ascertains the value of the land sued for. Exception was reserved to the ruling of the court, and the same is here assigned as error.

For appellee it is contended, that the order of June, 1879, setting aside the verdict and judgment of December, 1878, being made at a subsequent term, the court was without jurisdiction in the premises, and consequently the vacating order was a nullity. From this postulate the conclusion is claimed, that the court did not err in the order of February, 1884; for all courts may vacate and set aside void orders previously made by them. The position is sound, if the conditions justify its application.—*Jones v. Brooks,* 30 Ala. 588. We consider it unnecessary to decide this question. Conceding that the verdict and judgment of December, 1878, were final and conclusive, and beyond all power of revocation or modification by that court at a subsequent term; the court, nevertheless, did set the verdict and judgment aside, and did restore the case to the docket. At that stage, the regularity of that order might have been tested. It was not done. At subsequent terms, counsel appeared without objection, and orders were asked and granted, as upon a pending case in court; and this continued for four years. This was a waiver of all irregularity in the order of June, 1879, if there was such irregularity.—*Byrd v. Mc-Daniel,* 26 Ala. 582; *Johnson v. Bell,* 71 Ala. 258; *St. Clair v. Caldwell,* 72 Ala. 527.

The judgment *nunc pro tunc,* and the orders made February, 1884, are reversed and annulled, and the cause restored to the docket as an undecided cause.

Reversed and remanded.

