# *Ex parte* Alabama Fuel & Iron Co.

## *Mandamus.*

### (Decided May 13, 1915. 69 South. 115.)

*Dismissal and Non-suit; Setting Aside; Expiration of Terms; Powers.*—Where the attorneys for both parties agreed upon a continuance, but neither had a formal order of continuance entered, and on the call of the case the court dismissed it for want of prosecution, and defendant's attorney subsequently agreed orally with plaintiff's attorney that he would have the order of dismissal set aside and the cause re-instated, but the matter was overlooked; and at a subsequent term of the court with these facts before it, and over the objection of the attorneys for the defendant, the court set aside the dismissal and restored the cause to the docket, such action was without authority, since the court is without power over its final judgment after the close of the term, except for the correction of clerical errors or omissions; such case not being within the rule that after a case is put out of court by an order irregularly entered, the party who would profit by the order may put the case again within the power of the court by appearing at a subsequent term and participating in its litigation.

Original application in the Supreme Court.

Eddie Haywood as administratrix sued the Alabama Fuel & Iron Company and her cause was dismissed for want of prosecution. The cause was reinstated at a subsequent term of the court, and defendant thereto applies for writ of mandamus to compel the judge to vacate the order of reinstatement. Mandamus awarded.

PERCY, BENNERS & BURR, for appellant.

W. A. DENSON, for appellee.

SAYRE, J.—This is an application for a writ of mandamus to the judge of the Sixteenth circuit, commanding him to vacate and annul an order made on the 18th day of September, 1914, whereby he reinstated upon the trial docket of his court the cause of

*Addie Haywood, as Administratrix, etc. v. Alabama Fuel & Iron Company,* which said cause had been pre-viously, on September 29, 1913, dismissed of the court's own motion for want of prosecution. The return to the rule nisi shows, and it is not disputed at any place in the record, that when respondent made the order restoring the cause to the docket, he had before him, and acted upon, a letter addressed to the judge by the attorney who had, before that, appeared of record for defendant in the cause, dated September 10, 1914, with inclosures. The order of reinstatement was made upon the motion of the attorney for plaintiff in the cause and over the objection of attorneys for defendant, who came into the cause at the time under circumstances to be stated; their appearance being limited to the special purpose of opposing the motion.

This letter and its inclosures, about the authenticity of which there is no dispute, and statements made at the time by the attorneys opposing the motion, show that at the time of the accident out of which the suit arose defendant company had an indemnity agreement with the Employers' Indemnity Company; that in pursuance of certain stipulations of that agreement the defense was turned over to the exclusive control of the indem-nity company, whose attorney entered a general ap-pearance in the cause for defendant, as he had author-ity to do under the indemnity agreement, and prepared the case for trial; that on September 26, 1913, attorneys then representing the respective parties as aforesaid, entered into an agreement for continuance, but that, each assuming that the other would attend to the mat-ter of having a formal order of continuance entered by the court, this agreement was not brought to the no-tice of the court, which, upon call of the cause, dis-

missed it, ex mero motu, for want of prosecution. At the time of the agreement the attorney for defendant noted, upon a letter he had written to the clerk of the court concerning the summoning of witnesses in the cause, and which had been returned to him with the clerk's answer and signed with his initials, a memorandum that the case had been continued. This letter and memorandum was before the judge. Shortly before the spring term, 1914, defendant's attorney, learning then for the first time that the cause had been dismissed, entered into a parol agreement with plaintiff's attorney that he would have the order of dismissal set aside and the cause reinstated, and that, inasmuch as he would be present at the court, while plaintiff's attorney had an engagement elsewhere, he would attend to the matter of the reinstatement and continuance. But again, in the press of business, the matter was overlooked. During the summer following the indemnity company fell into the hands of a receiver, whereupon its attorney notified defendant that he had withdrawn from the case, leaving it to care for the defense through attorneys of its own selection and employment. At the next term, the court, with these facts before it, as we have stated, set aside the order of dismissal and restored the cause to the docket.

The court has been unable to find in the law of this state any sufficient reason for denying the writ of mandamus. Respondent in this proceeding cites cases from the courts of other states where the law courts exercise jurisdiction over their own final judgments after the trial by giving effect to equitable considerations which ought, in good conscience, to control the parties, but with us it has been long regarded as settled that a court is without power over its final judg-

ments after the close of the term at which they have been réndered, unless it be for the mere correction of clerical errors or ommissions the record furnishing the evidence on which the amendment or correction can be made.—*Buchanan v. Thomason,* 70 Ala. 401, and cases there cited.

In *Kidd v. McMillan,* 21 Ala. 325, cited by respondent, the rule that a court has no authority to set aside a final judgment after the close of the term at which it was rendered was stated to be very clear.

"But," said the court, "if the parties agree that it may be set aside and tried again, and the court, in pursuance of such agreement, does set the judgment aside, and proceeds again to try the cause, the second judgment is not void for want of jurisdiction, (citing *Lee v. Houston,* 20 Ala. 301).

The fundamental principle of procedure involved in that decision is the same as that of a line of cases we have in which it has been held that, after a case has been put out of court by an order irregularly taken the party who would profit by the order may put the cause again within the power of the court, in effect, by appearing at a subsequent term and actively participating in its litigation as a cause properly pending in court.—*Hair v. Moody,* 9 Ala. 399; *Coltart v. Moore,* 79 Ala. 361. But further than this the court has never gone.

The case now before us cannot be brought within the principle of the cases last above cited, for here there was no agreement for the restoration of the cause to the docket, but only an agreement for a continuance, all occasion for which had been removed by lapse of the term for which it was made. Nor was there any waiver of the court's lack of jurisdiction to reinstate the cause

On the contrary, petitioner opposed the order of restoration, and then promptly resorted to the appropriate remedy for its vacation. The question presented by the case in its present shape and aspect is jurisdictional. It touches the power of the court, and is not concerned about those equitable considerations which it may be conceived should have operated upon the parties; and, however much we might feel disposed to give effect to such considerations by permitting the cause to stand for trial on the service already had, the way to that end has been concluded by a long and unbroken line of decisions, the authority of which cannot now be questioned.

The result is that, unless the judge below, upon being advised of our opinion in the premises, shall set aside his order restoring the cause to the docket, a peremptory writ of mandamus will issue in accordance with the prayer of the petition.

Mandamus awarded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.