TERRY and others v. EASTLAND.

In an action for an assault and battery, defendant cannot introduce evidence of provocation not immediately preceding and connected with the assault.

JUDGE CRENSHAW delivered the opinion of the Court.

THIS was an action for an assault and battery. On the trial the defendants offered to prove in mitigation of damages, that a short time before the combat, the plaintiff in their absence, had publicly stated, that they had been concerned in passing counterfeit money; that this charge had come to their knowledge, and that immediately before the assault, one of the defendants saw the plaintiff passing by the bell tavern, accosted him in an angry manner, and requested a conversation with him, which the defendant declined. This testimony was rejected by the Court.

In an action of this description, all circumstances of provocation immediately connected with the transaction, and occurring at the same time and place, or whatever may be considered as a part of the *res gestæ* are admissible in extenuation of damages. But remote circumstances not immediately connected with the transaction, or forming a part of the *res gestæ*, though they may produce a high and continued excitement, cannot be given in evidence. If between the provocation and the assault, there has been sufficient interval for passion to subside, and for the understanding to deliberate, the injury must be imputed to the motive of revenge, and not to the frailty of human nature. It would indeed be dangerous to permit men to carve out for themselves retaliation for injuries, either real or imaginary; if it be imaginary, the party is not entitled to redress; if a real injury has been done by a slanderous tongue, the law provides an adequate remedy. But if men, actuated by what they conceive to be a high sense of honor, disdain to apply to the laws of their country for redress, and assume the right of avenging their own wrongs, they ought not to complain if their acts are judged by the strict rules of law.

The record here, does not inform us how long the pro-

vocation was given before the assault was made; but it informs us, that immediately preceding the assault, Eastland had declined entering into any explanation or conversation with the defendant who had accosted him; from which it is inferible that the provocation was not so immediately connected with the assault as to constitute a part of the transaction; and that a sufficient interval had elapsed for passion to subside, and reason to assert its empire. To go beyond this, I am unable to discover any stopping point, short of a developement of the history of all the intercourse between the parties during the whole previous period of their lives.

The rule as here laid down, will have a tendency to check the turbulent passions of men, and prevent bloodshed and murder; to depart from it would have a contrary effect. It is the unanimous opinion of the Court that the judgement be affirmed.

M'KINLEY and HOPKINS, for plaintiff.

BIRNEY, KELLY and HUTCHINSON, for defendant in error, cited 1 Mass. 11.