# Long *v.* Seigel.

### *Assault and Battery.*

(Decided April 4, 1912. Rehearing denied April 25, 1912.
58 South. 380.)

1. *Evidence; Emotions; Opinion.*—Emotions and the tone of a person's voice being incapable of description in words, a witness may properly be permitted to testify that a person was very angry.

2. *Assault and Battery; Provocation; Evidence.*—In a civil action for assault and battery, it was proper to exclude the inquiry whether plaintiff's brother was about his size and resembled him, even though its object was to prove that plaintiff's brother's automobile caused defendant's horse to run away.

3. *Same.*—In an action for assault and battery, a defendant is not entitled to introduce evidence of provocation not immediately preceding and connected with the assault. hence, whether a witness saw the man that frightened defendant's horses the day before, was properly refused admission in evidence.

4. *Damages; Evidence; Pecuniary Condition.*—In a civil action for assault and battery, the pecuniary condition of defendant is not admissible in evidence.

5. *Trial; Introduction of Evidence; Objection.*—Where the matters previously testified to did not cover the information sought by an illegal question, the failure of defendant to object to the previous question would not deprive him of the right to object to the subsequent one.

6. *Bill of Exceptions; Mode of Preparation; Court Rules.*—The appellate court will always exercise its discretion to strike a bill of exceptions or tax with cost, etc., according to the circumstances of each case, and will not necessarily strike the bill of exceptions because violative of rule 32, Cir. Ct. Pr.; in this case simply imposing costs.

[Long v. Seigel.]

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Jerome Seigel against Thomas H. Long for damages for assault and battery. Judgment for plaintiff and defendant appeals. Reversed and remanded.

W. F. HOGUE and R. B. EVINS, for appellant. The bill of exceptions does not violate the rule in such a sense as to authorize the bill to be stricken.—*N. A. Co. v. Brakefield*, 123 Ala. 605; *Gainor v. L. & N.*, 136 Ala. 244. The court erred in permitting the appearance of Mr. Long to be introduced in evidence.—3 Brick. 436. The court also erred in permitting the witness to answer the question "what was the tone of his voice?"— Authorities supra. The financial condition of defendant could not be inquired into.—*Empire L. I. Co. v. Gee*, 55 South. 156; *B. R. L. & P. Co. v. Beck*, 55 South. 428. The court erred in not setting aside the verdict.— *L. & N. v. Bizzell*, 131 Ala. 436.

ARTHUR M. PITTS, for appellee. The bill of exceptions clearly violates rule 32, Cir. Ct. Pr., and should be stricken.—*Woodward v. Herndon*, 30 South. 370; *Gassenheimer P. Co. v. Marietta P. Co.*, 28 South. 564. It does not appear that defendant complained of the evidence as to his pecuniary circumstances, and in any event, such evidence was admissible.—67 Am. Dec. 560; 27 Miss. 68; 11 Md. 563; 62 Me. 532; 71 Ill. 562. A witness may testify as to the motion which cannot be accurately described in words.—*Carley v. State*, 79 Ala. 17. The fact that the witness saw the man who frightened the horse the day before was not admissible as provocation must immediately proceed and be connected with the assault.—*Terry, et al. v. Eastland,*

1 Stew. 136. Under the circumstances the damages are not excessive.—*W. U. T. Co. v. Seed,* 25 South. 474; 118 Ill. App. 270; 3 Cyc. 1109.

SIMPSON, J.—This is an action by appellee for damages for assault and battery; this being the second appeal. When the case was here before, the substance of the evidence was stated in the opinion of this court, and it was held that, according to the defendant's own testimony, the plaintiff was entitled to recover at least nominal damages.—*Seigel v. Long,* 169 Ala. 79, 53 South. 753, 33 L. R. A. (N. S) 1070.

There was no error in overruling the objections to the question to the witness Seigel, "What was the appearance of Mr. Long?" and the motion to exclude the answer, "Very angry." It has long been the holding of this court that emotions, such as anger, joy, etc., are incapable of description in words, as are also indications of pain, suffering, sickness, etc., and that a witness may testify as to whether a person looked "sick," or "bad,' or seemed angry, etc., being a mere shorthand rendering of a fact which could not be otherwise more accurately described.—*Stone & Best v. Watson,* 37 Ala. 280, 288; *S. & N. Ala. R. R. Co. v. McLendon,* 63 Ala. 266, 276; *Carney v. State,* 79 Ala. 14, 17, 18; *Jenkins v. State,* 82 Ala. 25, 28, 2 South. 150; *Barlow et al. v. Hamilton,* 151 Ala. 634, 637, 44 South. 657. This applies, also, to the question as to the tone of his voice. The manner of the defendant is an important fact in determining whether an assault and battery has been committed.

There was no error in sustaining the objection to the question to Seigel, when on the stand, "About your size?" referring to Seigel's brother. It was not material to the issues in this case what size his brother was.

Even if it be admitted that the object was to prove that it was Seigel's brother whose automobile caused defendant's horses to run away, and that said brother resembled Seigel, the evidence is immaterial, as the facts would not justify an assault and battery even on the brother. For reasons, and on the authorities already given, there was no error in overruling objections to the questions to the witness Marx: "What was his appearance?" "What was his name?" State what was the condition of his voice?" "How did his voice sound?"— nor in overruling the motions to exclude the answers thereto.

There was no error in sustaining plaintiff's objection to the questions to the witness Cole: "Did you see the man that frightened the horses that broke the rake the day before?" and "Is he the same man that frightened the horses?" "In an action for an assault and battery, defendant cannot introduce evidence of provocation not immediately preceding and connected with the assault."—*Terry et al. v. Eastland,* 1 Stew. 156.

The court erred in overruling the objections to the question to the defendant, when on the stand as a witness, as to how much money he had loaned out. While it is true that there are cases in other jurisdictions which allow such proof in cases of this character, yet this court, after maturely considering the matter, has held that it is not proper to allow proof of the defendant's pecuniary condition in these actions for torts.— *Ware v. Cartledge,* 24 Ala. 622, 624, 625, 60 Am. Dec. 489; *Southern Car & Foundry Co. v. Adams,* 131 Ala. 147, 159, 160, 32 South. 503.

The fact that the defendant had failed to object to previous illegal questions, on cross-examination, did not deprive him of the right to object to this one, which

we have shown is illegal under our own decisions, whatever may be the rulings in other states. The matter previously testified to did not cover the information sought by this question.

The bill of exceptions does violate rule 32 of circuit and inferior court practice (Code of 1907, vol. 2, p. 1526) ; but it is not such a flagrant violation as in the cases wherein this court struck the bill. Each case must be judged for itself; and this court has always exercised its discretion to strike the bill, or tax with costs, according to the circumstances of each case.— *Woodward Iron Co. v. Herndon, Ex'r,* 130 Ala. 366, 367, 30 South. 370; *L. & N. R. R. Co. v. Hall,* 131 Ala. 161, 168, 32 South. 603. In this case, we tax the appellant with the costs of the appeal.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, SAYRE, and SOMERVILLE, JJ., concur. MAYFIELD, J., not sitting.