(91 South. 879)

### ALABAMA FUEL & IRON CO. v. WILLIAMS. (7 Div. 169.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Granted Appellee June 30, 1921. Rehearing Granted Appellant Nov. 12, 1921. Rehearing Denied Appellee Dec. 24, 1921.)

1. Appeal and error ⬦⇒766—Appellant's brief on rehearing, not complying with rule, will not be considered.

Where appellant's brief on submission of a cause on rehearing did not comply with rule 13 (175 Ala. xviii, 61 South. vii), the Supreme Court will consider only such portions of the argument objected to as are specifically set forth or referred to in the original brief.

2. Appeal and error ⬦⇒750(1)—Assignment of error in overruling objection to argument does not present question exclusion was not sufficiently positive.

Assignments of error to the overruling of an objection to the argument of counsel and to failure to exclude the argument from the jury does not entitle the appellant to claim error because the exclusion of the argument on his objection was not as positive or affirmative as it should have been.

3. Trial ⬦⇒121(4) — Argument attacking stenographer who reported previous testimony held not reversible error.

An argument by plaintiff's attorney attacking the stenographer, who had testified to reporting previous testimony of a witness for plaintiff, and intimating the stenographer was in the employ of defendant, held not so improper that it was error for the trial court to refuse to exclude the argument.

4. Trial ⬦⇒133(2) — Argument on delay held not erroneous on elimination of improper portion.

Where the evidence showed that the cause of action accrued 8 years before the trial, an argument by plaintiff's attorney that defendant by some hook or crook had gone unwhipped of justice for 8 years was not so erroneous as to require reversal for the court's failure to overrule objections to it where the court did eliminate the expression, "by hook or crook," and stated to the jury that neither party was responsible for the delay.

5. Trial ⬦⇒120(2) — Argument as to amount which would punish defendant held unsupported by evidence.

In an action for personal injuries, brought against a corporation, an argument by plaintiff's attorney that what would punish him or the jury might perhaps not punish the defendant corporation was a statement of a fact unsupported by evidence, and which could not have been established by evidence, so that such argument requires a reversal of the judgment for plaintiff.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action by Mary Williams, as administratrix de bonis non of the estate of Mike Harris, deceased, against the Alabama Fuel & Iron Company, for damages for the death of her intestate. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The suit was originally begun by Addie Haywood, as administratrix. It appears from the exhibit that on trial of the cause with the original plaintiff, on the 20th day of September, the suit was dismissed for want of prosecution, and judgment entered against the plaintiff for the cost, and when this suit was called for trial defendant appeared specially, and made a motion to discontinue until the cost accruing under the

former order had been fully paid off and discharged. The court denied the motion, and proceeded with the trial. The assignments of error referred to are as follows:

Assignment 30. The court erred in overruling defendant's objection to the following argument of plaintiff's counsel:

"Now, what is necessary to punish the Alabama Fuel & Iron Company? I have a right to say what would punish me or you perhaps would not punish the Alabama Fuel & Iron Company."

Assignment 31. The court erred in overruling appellant's motion to exclude from the jury the argument of appellant's counsel last above set forth. Relative to these assignments, the record shows the following:

In his closing argument to the jury, plaintiff's counsel made the following statement: "Now, what is necessary to punish the Alabama Fuel & Iron Company? I have a right to say what would punish me or you, perhaps, would not punish the Alabama Fuel & Iron Company." Counsel for the defendant said: "We object to that argument on the ground that it is improper." Counsel for the plaintiff stated: "I did not state it as a fact. I said perhaps it would not." Counsel for the defendant then stated: "I object to the argument as it was made, as being improper and illegal." The court stated: "It is entirely for the jury as to the damages." The defendant's counsel then stated: "What we object to is, what would punish him would not punish the Alabama Fuel & Iron Company." The court then said: "There is no evidence of it." Counsel for the plaintiff then stated: "I made the statement to the effect that I said 'perhaps,' and I have the right to argue anything in the hypothesis, and the courts have ruled on it." The court then said: "Let's see. It is a matter which is entirely punitive, and I overrule your objection." Counsel for the defendant then stated: "We reserve an exception, and move the court to exclude it. Your honor understands that." And the court replied: "I understand, and I overrule your motion to exclude." And the defendant then and there duly excepted to this ruling of the court.

Assignment 32. The court erred in overruling appellant's objection to the following argument of appellee's counsel:

"Long overdue, gentlemen, long overdue. This thing occurred the 12th day of December, 1912, nearly 8 years ago, and they have gone unwhipped of justice for 8 long years, and time and time again have escaped what was coming to them under the law."

Assignment 33. Overruling appellant's motion to exclude this argument from the jury.

Assignments 34 and 35. Same as assignments 32 and 33.

Assignment 36. The court erred in overruling appellant's objection to the following argument of appellee's counsel:

"I will say for 8 years, long years, they have escaped what was coming to them under the law, or by some hook or crook they haven't got what was coming to them."

Assignment 37. Failing to exclude this argument from the jury.

Assignment 38. The court erred in overruling appellant's objection to the following argument of appellee's counsel:

"I will say for 8 years, long years, they have escaped what was coming to them under the law; they haven't got what was coming to them."

Assignment 39. In failing to exclude the above argument from the jury.

Assignment 40. The court erred in overruling appellant's objection to the following argument of appellee's counsel:

"And, gentlemen, in the trial of this case, it seems that he and the same flea-bitten stenographer have been together time and time again, on the trial of this case, and they would have you reject the testimony of honest witnesses because they find it in some record made by him' and his stenographer, or made by his stenographer for him, on the former trial of this case."

Assignment 41. Failing to exclude the above argument from the jury.

Assignment 42. The court erred in overruling appellant's objection to the following argument of appellee's counsel:

"Yes, because—he thinks he has the official stenographer's report. I want you to know if you looked this official stenographer in the face on the trial of this case, he has come here as official stenographer, and identified that book as being correct, a correct record."

Assignment 43. Failing to exclude the above argument from the jury.

In the original brief, in which there are no interlineations, counsel for appellant make the following insistence:

"Error was committed by the court on overruling defendant's objections to portions of the closing argument made by plaintiff's counsel and motion made to exclude these arguments; and error was also committed by the lower court in refusing a new trial based upon the prejudicial effect of arguments made by plaintiff's counsel as to which objections were informally sustained, but not sufficiently handled so as to eradicate injury resulting therefrom. These matters will be grouped and argued together."

Counsel then quote from the opinion in the case as reported in Haywood v. Ala. Fuel & Iron Co., 203 Ala. 551, 84 South. 260. And, as further supporting the assignments of error, in reference to argument of counsel, counsel quoted from third chapter of James, eighth verse; also L. R. A. 1918D, 7, 83, and 84; also citing Wolffe v. Minnis, 74 Ala. 386; Davis v. Stowe Tp., 256 Pa. 86, 100 Atl. 529;

Cooper v. U. S. Mut. Ben. Ass'n, 132 N. Y. 334, 30 N. E. 833, 16 L. R. A. 138, 28 Am. St. Rep. 582; G. H. & S. A. R. Co. v. Jackson, 92 Tex. 709, 51 S. W. 331; also quoting and underscoring the pages of Alabama Iron & Fuel Co. v. Benenante, 11 Ala. App. 644, 66 South. 944; Shelby Iron Co. v. Greenlea, 184 Ala. 496, 63 South. 470; and L. & N. v. Crow, 107 S. W. 808, 32 Ky. Law Rep. 1145. Counsel also stated that the Supreme Court of Alabama has repeatedly and in strong language condemned remarks of counsel less offensive and less offending than those used in this case, and has not hesitated to reverse cases where such improper arguments have been made, citing the following cases: East Tenn. V. & G. R. Co. v. Carloss, 77 Ala. 446; Wolffe v. Minnis, 74 Ala. 386; Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 South. 538; Birmingham R. L. & P. Co., 175 Ala. 338, 57 South. 876; Forman v. State, 190 Ala. 27, 67 South. 583; Hutcherson v. State, 165 Ala. 16, 50 South. 1027, 136 Am. St. Rep. 17; Ethridge v. State, 124 Ala. 106, 27 South. 320; Manley v. Birmingham R. L. & P. Co., 191 Ala. 531, 68 South. 60; Jordan v. Austin, 161 Ala. 585, 50 South. 70; Galveston H. & S. A. Ry. Co. v. Kutac, 72 Tex. 643, 11 S. W. 127.

The quotation noted above as taken from 203 Ala. 551, 84 South. 260, is as follows:

"Somerville, J. Confining our review to that particular portion of the argument of plaintiff's counsel which is above reported, we feel no hesitation in saying that it was highly improper, and should have been rebuked and excluded in the first instance, and that the action of the trial court in granting a new trial on that account ought to be, and must be, upheld. * * *

"The implications of the language, and the animus of the appeal thus presented to the jury are unmistakable, and need no judicial exposition. Suffice it to say that similar statements and arguments have been several times condemned by this court, as they should always be. E. T., V. & G. R. R. Co. v. Carloss, 77 Ala. 443, 447; Florence, etc., Co. v. Field, 104 Ala. 480, 16 South. 538; B. R., L. & P. Co. v. Gonzales, 183 Ala. 273, 281–283, 61 South. 80, Ann. Cas. 1916A, 543.

"We need not consider other questions presented by the record."

Other quotations above referred to are as follows:

"But the tongue can no man tame; it is an unruly evil, full of deadly poison." James, iii, 8.

"There is a chorus of disapprobation from the courts, unmarred by the least dissonance, sonorously condemnatory of every misstatement of evidence, and of all statements of facts not in evidence and unwarrantably deduced from evidence, made by counsel in trials in addressing juries." L. R. A. 1918D, 7.

"No abuse of the privilege of counsel in argument to the jury is more frequent than an appeal to the passions and prejudices of its members, and none is less excusable or more irrelevant. It always involves a statement of a fact or facts not proved on the trial, and almost always of facts real or imaginary of which proof would have been incompetent. A willful and deliberate statement of a fact not in evidence, inadmissible if offered, calculated and intended to create prejudice, arouse passion, and provoke resentment in the jury, by counsel in argument, necessarily leads to a reversal, if the offending counsel wins a verdict, in spite of the efforts of the court to cure the evil, since knowledge of the damaging fact can never be eradicated from the jurors' minds." L. R. A. 1918D, 83.

"*Oftener than otherwise, this misconduct consists of an invidious contrast of the wealth and poverty—the strength and weakness—of the opposing litigants. The unequal struggle of the combatants is depicted and to the poorer one is ascribed all the merit and desert, and if the richer one is not, as he frequently is, denounced as an unscrupulous and unfair antagonist, he is at least referred to as having the ability to pay roundly any damages awarded without feeling a loss. The courts unreservedly condemn this misconduct, and when they perceive that the verdict rendered on the trial was wholly or substantially the result of it, they set it aside without hesitation and reverse for a new trial.*" L. R. A. 1918D, p. 84. (Italics supplied.)

"This court and the Supreme Court of this state have firmly planted themselves against the practice of indulging in such grossly improper remarks and argument in the presence of the jury, and the effort to get before them evidence clearly incompetent and illegal, for the evident, deliberate, and sole purpose of arousing and inflaming prejudice in the minds of the jury, and verdicts have been set aside in cases where the language of counsel was less objectionable than in this." Ala. Fuel & Iron Co. v. Benenante, 11 Ala. App. 651, 66 South. 944.

"This argument was wholly improper, and the trial court should have excluded it. Its natural tendency, if not its purpose, was to prejudice the jury. It contains statements of fact not supported by the evidence, and announced in court propositions of law, all of which were calculated to prejudice, and probably did prejudice, the jury." Shelby Iron Co. v. Greenlea, 184 Ala. 496, 63 South. p. 470.

"Too often are illegal questions asked of witnesses and improper remarks made by counsel in the presence of the jury with the knowledge or the belief that, although they may be excluded, they will nevertheless abide or linger in the minds of the jury, and probably produce the desired result. If it be said that reversal of the judgment in such cases may work a hardship upon appellee, it results from the conduct of him who stands as his sponsor in the trial. We know of no more effective way of repressing the wrong and maintaining the integrity of the profession in the administration of the law." Ala. Fuel & Iron Co. v. Benenante, 11 Ala. App. 656, 66 South. 945, 946.

"Great latitude is always allowed counsel in making their arguments to a jury; but that latitude cannot and ought not to be extended so as to permit counsel to go outside of the record and bring to the attention of the jury matters which have no bearing whatever upon the question in issue, and which are conveyed to their notice for the sole purpose of inflaming their passions and exciting their prejudices.

Such language was highly improper, and the trial court should have admonished the jury to disregard it. Doubtless the large verdict re-turned in this case was due in no small measure to the language employed by counsel." L. & N. R. R. Co. v. Crow, 107 S. W. 808, 32 Ky. Law Rep. 1145.

Counsel then proceed to discuss the arguments of plaintiff counsel to which objection was interposed and to which the court sustained objections after this manner: "Gentlemen, that is out; that statement is"—with the insistence that the ruling of the court was not sufficiently definite and positive to eradicate the evil effect from the minds of the jury.

Percy, Benners & Burr, of Birmingham, for appellant.

The court erred in not requiring payment of costs of former suit as a condition to the further maintenance to this suit. 106 Ala. 102, 17 South. 779; 117 Ala. 237, 23 South. 680; 81 Ala. 504, 2 South. 164; 145 Ala. 505, 40 South. 78; 119 Ala. 23, 24 South. 769; 92 Ala. 506, 9 South. 315. The court erred in sustaining demurrers to plea seven. Section 5340, Code 1907; 73 Ala. 117; 197 Ala. 361, 72 South. 542. Counsel discuss rulings on the evidence, with the insistence of error, but without citation of authority. For the argument of counsel, and authorities cited, as to the error of the court, on argument of counsel, see statement of facts. Defendant was entitled to the affirmative charge as to the "safe place" count. 197 Ala. 361, 72 South. 542; 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31. Counsel insist that defendant was entitled to the affirmative charge as to the whole case. Counsel discuss the charges given and refused, with the insistence of error, but cite no additional authority.

· W. A. Denson, of Birmingham, and Frank Embry, of Ashville. and C. R. Robinson, of Pell City, for appellee.

There was no error in declining to stay proceedings until the cost was paid, as this matter rested in the sound discretion of the court, and in any event was not ground for reversal. 145 Ala. 505, 40 South. 78; 197 Ala. 94, 72 South. 351; 7 R. C. L. 797; 107 Md. 278, 68 Atl. 566, 24 L. R. A. (N. S.) 583; 188 Mo. 647, 87 S. W. 954, 3 Ann. Cas. 94; 15 C. J. 234; 5 Pet. 151, 8 L. Ed. 79; 98 Ind. 53; (D. C.) 222 Fed. 347; 175 Ala. 640, 57 South. 436; 58 Ala. 614. In any event, the rule has no application, where the second suit is by the administrator de bonis non. 110 Ala. 436, 18 South. 3; 195 Ala. 35, 70 South. 722; section 2806, Code 1907. As to the errors relied on in argument of counsel for plaintiff, appellee insists, first, that there was no separate insistence as provided by rule 10, Sup. Practice, and, therefore, that

those insistences have been waived, 137 Ala. 425, 34 South. 997; 131 Ala. 280, 31 South. 603; 205 Ala. 60, 89 South. 42; 102 Ala. 421, 14 South. 872; 123 Ala. 202, 26 South. 160; 173 Ala. 691, 55 South. 1001; 183 Ala. 249, 62 South. 889; second, that the argument permitted by the court was proper, and not ground for reversal, 153 Ala. 5, 45 South. 631; 147 Ala. 34, 41 South. 973; 97 Ala. 626, 12 South. 67; 123 Ala. 202, 26 South. 160; 183 Ala. 249, 62 South. 889; 173 Ala. 691, 55 South. 1001. The fortieth assignment of error cannot be sustained. 183 Ala. 249, 62 South. 889; 173 Ala. 691, 55 South. 1001. The forty-second assignment of error cannot be sustained. 141 Ala. 491, 37 South. 789. On this same authority, the forty-fourth assignment of error cannot be sustained. As to the thirtieth assignment of error, made the basis for the application for new trial, counsel insists that it was waived on the original submission of the case, because not insisted upon as required by Supreme Court rule 10, and that therefore it cannot be considered on rehearing. And in addition to the authorities above cited counsel cite 138 Ala. 596, 36 South. 464; 183 Ala. 288, 61 South. 80, Ann. Cas. 1916A, 543. In any event, the remarks were not grossly improper, not highly prejudicial to the other party, and therefore could not be made the basis for a new trial. 126 Ala. 104, 27 South. 760; 183 Ala. 287, 61 South. 80, Ann. Cas. 1916A, 543. As to the thirtieth assignment of error, nothing was stated as a fact. The objectionable statement being stated under a "perhaps," and therefore it cannot work a reversal. 68 Ala. 484; 141 Ala. 284, 37 South. 395; 86 Ala. 87, 5 South. 775; 161 Ala. 92, 49 South. 803; 74 Ala. 39; 115 Ala. 112, 22 South. 479; 117 Ala. 65, 23 South. 693; 6 Ala. App. 47, 60 South. 539; 133 Ala. 62, 31 South. 953; 193 Ala. 29, 69 South. 122; 155 Ala. 76, 46 South. 236; 15 Ala. App. 134, 72 South. 605; 110 Ala. 535, 19 South. 22; 2 R. C. L. 417; 248 Pa. 365, 93 Atl. 1065; Web. Inter. Dict.

ANDERSON, C. J. Regardless of the rule in equity the question seems settled in this state that in actions at law a defendant who is sued a second time upon the same cause of action by the same plaintiff, the plaintiff having been adjudged liable for cost of the first suit, may move to stay the proceedings in the second suit until the cost of the former is paid, and that the trial court has the power, and it is its duty, to require the payment of said cost within a reasonable time as a condition precedent to a further prosecution of the second suit, and to dismiss same for a noncompliance with said order. Hamilton v. Maxwell, 119 Ala. 23, 24 South. 769, and cases there cited; Ex parte Mathews, 145 Ala. 505, 40 South. 78. This is a second suit upon the same cause of action, and in legal effect, by the same plaintiff, who is but the administratrix de bonis non and the successor of the

former plaintiff, and the trial court erred in not granting the defendant's motion, and the judgment of the circuit court must, for this reason, be reversed, and the cause remanded.

The trial court cannot be reversed for sustaining the plaintiff's demurrer to defendant's special plea 7, for, whether a good plea or not, or if not subject to the grounds of demurrer interposed thereto, notwithstanding it may not be a good plea, this appellant cannot complain of the elimination of same, as it presented, in substance and effect, the same defense as contained in pleas 8 and 9, to which the plaintiff's demurrer was overruled, and which the defendant subsequently voluntarily withdrew upon the idea that it had offered no evidence in support of same.

The trial court did not commit reversible error in sustaining plaintiff's objection to all of the defendant's rules, as some of them were inapt, and not relevant to the issues presented by the pleading. It appears in the record, pages 86 and 87, that rules 9 and 13 were introduced together, and not separately and severally; at any rate, they were ruled upon jointly, and the objection went to them jointly, and was sustained, and the exception was reserved to said joint ruling. It is sufficient to say that rule 9 was inapt and irrelevant to any issue raised by the pleading. We do not wish to be understood, however, as holding that the trial court would be reversed had the ruling as to these rules been separate.

The trial court did not err in permitting the witness McCarty to testify that it was his duty as fire boss to see that noxious gas and explosives were removed from the working places of the mine. This tended to prove an experience and familiarity with the subject-matter of his testimony, and formed a part of the predicate establishing the fact that he was an expert. Nor was there error in permitting this witness to give his opinion as to the proper distance between cross cuts and breakers in a gaseous mine. The evidence tended to show that this was a gaseous mine, and also showed that this witness had some familiarity with the mine at the time he was testifying.

The trial court did not commit reversible error in excluding the evidence of McCarty that he regarded, "Frank Hillman as a man of unusual ability along these lines." True the plaintiff's objection should have gone to the question, instead of the answer, which was responsive. But this evidence at that time was patently inadmissible, as Hillman had neither testified nor been offered as a witness. Moreover, the exclusion of this statement was harmless, as the witness had just testified that Hillman was a mine inspector, and an experienced expert, and said Hillman, when subsequently placed on the stand as a witness, qualified without ob-jection as an experienced general mine expert.

The trial court did not err in not permitting the defendant to prove by the witness Garrett that at the time Tate, the absent witness, testified that the entries contained gas, and were so marked, and he notified the deceased and Hatcher that they were so marked out, that he had a report before him, signed by himself and Pitts, and countersigned by the mine foreman, showing gas in these entries, and that said report had been introduced in evidence. The defendant got the benefit of Tate's testimony as to these facts, and the fact that Tate had a report before him which he had in part made was but a self-serving declaration to which he might have referred as a memorandum, but which should not have been introduced in evidence for the purpose of bolstering or corroborating the testimony of said Tate and Pitts who had made the said report. If said report was introduced upon the former trial, that did not make it correct, or put the trial court in error for excluding it upon the present trial.

The action of the trial court in not requiring Attorneys Denson and Robinson to testify at the instance of the defendant as to the testimony of the absent witness Tate cannot be justified upon the ground of a privileged communication. We do not think, however, that this case should be reversed for that ruling, as it was not injurious to the defendant. Witnesses Burr and Embry had both testified as to the testimony of said witness, and their evidence was not contradicted. Had Denson and Robinson testified differently, the defendant cannot complain that it was not permitted to introduce evidence contradictory of its own witnesses or testimony favorable to it. On the other hand, had the witnesses Denson and Robinson corroborated Burr and Embry, then their evidence would have been merely cumulative, and there was no evidence contradicting said Burr and Embry as to the testimony of said absent witness.

The trial court did not err in refusing the general charge for the defendant as to count 1. It was a question for the jury to determine whether or not the intestate was provided with a reasonably safe place to work. The proof shows that this was a gaseous mine, and, if it was not so equipped and safeguarded as to reasonably prevent or protect against explosions caused or produced from the subsequent generation or accumulation of gas, then it was not a safe place within the requirement of the common law or subdivision 1 of the Employers' Act (Code 1907, § 3910), notwithstanding it did not at the time of the employment contain gas in dangerous quantities. The evidence was sufficient to make it a question for the jury as to whether or not the mine in question was

properly equipped and safeguarded at the time the intestate went to 'work to prevent explosions which may have been reasonably anticipated, and this defect would relate to the furnishing of the place in its original inception rather than to one which arose from the operation or maintenance of the mine, and differentiates this case from Whitmore v. Alabama Co., 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31, and Wadsworth v. Scott, 197 Ala. 361, 72 South. 542. While we hold that, under the common law and subdivision 1 of the Employers' Act, the failure to properly equip the mine to safeguard against the accumulation of gas is a defect in the furnishing of the place instead of one growing out of the operation or maintenance of same, we think that the existing mining statute makes it the nondelegable duty of the master to so operate and maintain the mine as to prevent explosions from gas—that the injured employee could recover for a breach of duty under a count either under the letter of the statute or under a general charge of a failure to provide a safe place. Acts 1911, p. 515; Segrest v. Roden Coal Co., 201 Ala. 382, 78 South. 756; Walker v. Birmingham Coal Co., 184 Ala. 425, 63 South. 1012. Nor do we think that the mine owner or superintendent can avoid the consequences of a breach of this nondelegable duty by merely meeting the requirements of the mine inspector as provided by section 42 of the act, or that the Legislature contemplated that the proper breaks through need not be nearer than 70 feet. This section was not intended to modify the imperative duty of the owner to keep the mine clear of dangerous gas, but is merely a legislative requirement of the mine inspector and a suggestion of a maximum distance between the breaks. Segrest v. Roden Coal Co., supra.

It is next urged that the defendant should have been given the general charge because of the undisputed proof that the intestate had violated rule 9. In the first place, a violation of rule 9 is not raised by the defendant's special defense, as it withdrew all special pleas to which demurrer had been overruled, except plea 6, and which said plea does not rely upon rule 9, but charges the intestate with negligently going into the room after a danger sign was posted at the neck of the entrance. Second, rule 9 was excluded from evidence without reversible error. Third, had it been properly pleaded and introduced in evidence it was open to the jury to find that its violation was not proved without dispute.

We have considered all of the defendant's refused charges, and the refusal of same can be justified because erroneous, or, if good, they were sufficiently covered by the defendant's given charges or the general oral charge of the court.

Many exceptions were reserved to the ruling of the trial court upon the argument of the plaintiff's counsel; but, since this case must be reversed for the reason heretofore indicated, it is unnecessary for us to pass upon these rulings. It is sufficient to say that the trial court could have been more positive and affirmative in the exclusion of the parts of the argument deemed improper, instead of merely remarking that "it is out." The ruling should have been followed up by a positive exclusion of same, and instructions to the jury not to consider same. We may suggest, however, that some of the objections of defendant's counsel did not come up to the standard, and should have been followed by a motion to exclude and a request to the trial court to instruct the jury as to same.

While the foregoing opinion expresses the views of the majority, and there is no difference of opinion as to same on other points, the writer and GARDNER, J., do not concur in the reversal of the case because of the court's failure to sustain the defendant's motion as to payment of the cost upon the former appeal. They recognize the rule, but think that it should be to some extent discretionary with the trial court, and that its ruling should not be revised except for an abuse of the discretion. They think that the rule declared in the case of Jordan v. Jordan, 175 Ala. 640, 57 South. 436, should apply to actions at law as well as cases in equity, and which is sanctioned by the weight of authority. 15 C. J. 303, 304. Here the second suit was not for the purpose of harassing the defendant, but was upon a meritorious claim, and the first suit was dismissed by the trial court through ignorance of an understanding between counsel as to a continuance, and the plaintiff was in no sense at fault. See 193 Ala. 496, 69 South. 115, for statement of facts as to dismissal of the former suit. The dissenters are also of the opinion that the rule as contended for by them does not require the overruling of any Alabama case. The case of Hamilton v. Maxwell, 119 Ala. 23, 24 South. 769, is the only one we find where the question was presented on direct appeal, and, while the court held that the denial of the defendant's motion was error, it found other errors to reverse, and we doubt if the case would have been reversed upon this point alone, especially if the plaintiff had presented as good an excuse as we have here for the dismissal of the former suit.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

ANDERSON, C. J., and GARDNER, J., dissent.

On Appellee's Motion for Rehearing.

PER CURIAM. A majority of the court upon the reconsideration of this cause are of the opinion, and so decide, that the judgment of reversal heretofore rendered be set aside, and that the cause be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

McCLELLAN, SAYRE, and MILLER, JJ., dissent.

On Rehearing on the Motion of Appellant.

ANDERSON, C. J. [1] The appellant's brief, upon the submission of this cause, does not so comply with rule 13 (175 Ala. xviii, 61 South. vii) as to authorize a review of all objections and exceptions to the argument of appellee's counsel as for a consideration of same upon the original trial of the case, and we shall only consider those portions of said argument as are specifically set forth or referred to in said original brief in passing upon the rulings of the trial court as distinguished from the motion for a new trial. Whether or not all of the objections should be considered in passing upon the motion for a new trial we need not now decide.

[2] So much of the argument as was made the basis of assignments of error 40 and 41 was excluded by the trial court. True the exclusion was perhaps not as positive or affirmative as it could have been, but the trial court cannot be put in error for overruling an objection or motion at the instance of the movant when the same was sustained. Moreover, the trial court, just previous to this ruling, instructed the jury that, where an objection to argument was sustained, and it was ruled out, it meant that the jury was not to consider same.

[3] We see nothing so improper in so much of the argument as is covered by assignments of error 42, 43, 44, and 45 as to put the trial court in error for not excluding same.

[4] The trial court will not be reversed for overruling the motion to exclude the argument of plaintiff's attorney as embraced in assignments 32, 33, 34, 35, 36, 37 and 38. The improper portion of same, that is, "by some hook or crook," was excluded and the remainder was warranted as per the plaintiff's contention or theory. The record disclosed the delay; and if, as the jury found, the plaintiff was entitled to a judgment, the defendant had escaped liability for 8 years. This was not the statement of a fact not supported by the evidence, but was merely arguendo of the plaintiff's contention. Moreover, the court stated to the jury that neither was responsible for the delay.

As to whether or not so much of the foregoing argument as was objectionable was not so eradicated as to cause a reversal for not granting a new trial, under the case of B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037, or was so eradicated as to justify a denial of the new trial under the more recent case of B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543, we need not decide, as the case must be reversed for the error hereinafter set out.

[5] The trial court erred in not sustaining the defendant's objection and motion to exclude so much of the argument of plaintiff's counsel as covered by assignments of error 30 and 31. It found no support in the evidence, and proof of the assertion would not have been admissible. Southern Car Co. v. Adams, 131 Ala. 147, 32 South. 503; Long v. Seigel, 177 Ala. 338, 58 South. 380. It is insisted by counsel for appellee that this point was not sufficiently pressed and argued in brief upon the submission of this cause. It is sufficient to say that the brief as found in the record makes specific reference to this line of argument.

The rehearing is granted, the judgment of affirmance is set aside, and the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.