191 So. 919

### SPURLING v. STATE.

### 7 Div. 458.

Court of Appeals of Alabama.
June 20, 1939.

Rehearing Denied Oct. 3, 1939.

Motley & Motley, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

## SAMFORD, Judge.

The evidence discloses a fight, either in the yard of the defendant or in the public road running by defendant's house. The evidence on this point was in conflict, and the court as a part of his oral charge instructed the jury as follows: "Well, did this defendant, Phatus Spurling, after this difficulty arose or just prior to its arising, did he have an opportunity to retreat without increasing his peril. If he did, gentlemen, and this difficulty occurred in the public road it was his duty to retreat because the law says a man must run if he can by so running not increase his danger or his peril, that is it is his duty to do it before he takes the life of a human being." This when taken and considered with the entire oral charge of the court states a correct proposition of law, whether the word used in stating the duty of the defendant to retreat be "retreat", "run", or "flee", it means the same thing; and if a more impressive word could be found it should be used. Higdon v. State, 25 Ala.App. 209, 143 So. 213.

During the examination of Hoyt Guice the Solicitor, over the objections and exceptions of defendant, was allowed to ask the following questions: "Did you ever get the bullet out of you?" "How long were you in the hospital?" These questions called for testimony relevant to the issue, in that the length of time the injured party was in the hospital and the fact that the bullet, fired by defendant, was still in the injured party's body, would tend to illustrate the severity of the attack and the gravity of his injuries. Ezzell v. State, 13 Ala.App. 156, 68 So. 578. Newman v. State, 160 Ala. 102, 49 So. 786.

We find no error of a prejudicial nature in this entire record. The defendant has had a fair trial according to the forms of law.

The judgment is affirmed.

Affirmed.