288 So.2d 739

James McCART

v.

Roosevelt DEVINE.

Civ. 192.

Court of Civil Appeals of Alabama.

Sept. 19, 1973.

Rehearing Denied Oct. 17, 1973.

James M. Prestwood, Andalusia, for appellant.

Powell & Sikes, Andalusia, for appellee.

HOLMES, Judge.

This is an appeal from the Circuit Court of Covington County, Alabama, wherein a jury verdict was rendered and judgment entered in favor of the plaintiff, Roosevelt Devine, in the amount of $487. The defendant, James McCart, filed a motion for a new trial which was denied by the learned trial judge, and defendant brings this appeal.

Plaintiff brought suit against the defendant claiming $25,000 as damages for an assault and battery on March 8, 1970, and alleging that defendant did wrongfully and unlawfully stab, wound, cut and injure the plaintiff. Plaintiff also alleged physical and mental pain, anguish and suffering, plus loss of time from work and medical expenses.

The tendencies of the evidence reveal plaintiff and defendant were acquaintances and had been drinking intoxicating beverages in and about a local establishment known as "Old Coon's Store" in Covington County, Alabama. When the store closed, the parties left and separately drove to a wooded area, along with others who had been at the store, apparently to continue their activities of the day. Immediately, an altercation developed between the plaintiff and defendant. Although testimony was conflicting as to who started the fracas and the exact circumstances as to how it occurred, the plaintiff was severely cut with a knife on his arm, face, chest and abdomen, which required some eighty stitches to close. There was testimony that the defendant did the "cutting" and, from the verdict, it was obvious that the jury so found.

Defendant argues some four assignments of error to this court. The first being that the trial court erred to reversal in failing to exclude certain testimony of a physician witness.

In describing the injury to the plaintiff, the physician was asked to describe the wounds received by the plaintiff. He answered:

"A. Well, his facial wound was cut from about his ear there right on down to his chin. It was cut through to his mouth, cut deep, and it cut these facial nerves here, and on the left side of him he had about an eighteen inch gash on his abdomen. It didn't cut through to the inside.

"Q. About how deep was that?

"A. It was about an inch and a half or two inches. He was big and fat. If he had been slender his bowels would have been cut."

Appellant contends that this statement should have been properly excluded as not responsive to the question, irrelevant, and thereby prejudicing to the jury. Appellant further contends that the failure to exclude this evidence substantially injured the right of appellant to a fair trial.

We do not agree with able counsel in these contentions.

■ The comment by the physician-witness was made after he gave a description of the wounds which the plaintiff received and he was asked to further clarify "how deep" the eighteen inch gash on the abdomen was. The physician's comment was responsive to the question in that it more clearly described the depth of the cut. Such a statement was properly admissible.

■ The comment by the physician-witness could also be considered as testimony showing the gravity of injuries to the plaintiff and the severity of the assault upon him. Such evidence is to this court, in this instance, properly admissible. Spurling v. State, 29 Ala.App. 73, 191 So. 919; Rutledge v. Rowland, 161 Ala. 114, 49 So. 561. Furthermore, even if such comment should have been excluded, the failure to do so would have been error without injury, since it did not injuriously affect substantial rights of the defendant. Supreme Court Rule 45. Under Rule 45, error must be prejudicial to be reversible, and we can discern no prejudice in this instance. Barran v. Roden, 263 Ala. 305, 82 So.2d 398. The testimony by the physician would clearly relate to the extent of the damage and not to liability. The jury found liability, and, on a claim for $25,000, only awarded the plaintiff $487, which was the amount of medical expenses. It is noteworthy that the jury gave no allowance at all for what might be described as pain and suffering.

Appellant next contends that the trial court erred to reversal in not allowing the appellant to show that, in the words of appellant, "ill will" existed on behalf of the appellant.

The appellant attempted to rebut the statement of appellee that the attack was a complete surprise, and that he had no notice of it whatsoever. In this regard, the appellant attempted to show through the testimony of a witness, Junior Norris, that the demeanor of the appellee at some time before the fight, through his conduct and conversation, evinced a grudge or ill feeling against the appellant. The court sustained appellee's objections to questions propounded by appellant to the witness concerning whether he noticed anything said by appellee while drinking earlier in the day as to his feelings about appellant; whether appellee said or did anything that night before the altercation that led to a belief that he had a grudge against appellant; whether he heard appellee say anything about appellant; or whether appellee made any reference to appellant.

We do not believe the trial court's action in this instance was error to reversal.

■■ As noted, this was an action for civil assault and battery. The testimony attempted to be elicited would be, as we understand it, for the purpose of showing provocation or justification. In an action for assault and battery, the defendant cannot introduce evidence of provocation not immediately preceding and connected with the assault and there is no such evidence presented. See Long v. Seigel, 177 Ala. 338, 58 So. 380. The rule is clear that proof of provocation cannot be introduced if it is not *immediately* preceding and connected with the assault. As Judge Crenshaw stated in Terry et al. v. Eastland, 1 Stewart 156:

"In an action of this description, all circumstances of provocation immediately connected with the transaction, and occurring at the same time and place, or whatever may be considered as a part of the res gestae are admissible in extenuation of damages. But remote circumstances not immediately connected with the transaction, or forming a part of the res gestae, though they may produce a high and continued excitement, cannot be given in evidence. If between the provocation and the assault, there has been sufficient interval for passion to subside, and for the understanding to deliberate, the injury must be imputed to the motive

of revenge, and not to the frailty of human nature. It would indeed be dangerous to permit men to carve out for themselves retaliation for injuries, either real or imagery; . . ."

Here, the record does not present to us the *time frame to which* the appellant's evidence refers. The tendencies reveal that such testimony regarding "ill will" or provocation was earlier in the day and not immediately prior to the altercation as required under the law of this state. Furthermore, such testimony would be for the purpose of mitigation of damages, and as seen above, the award in this case would appear to make the exclusion of such testimony error without injury. Supreme Court Rule 45.

Even if such testimony might have had some possible impeachment value as contended by the appellant due to testimony of appellee, *in view of the above*, the trial court cannot be said to have committed reversible error for refusing to allow such testimony.

Appellant next argues that the trial court erred to reversal in not granting appellant's motion for a mistrial. Counsel bases this contention on the following occurrence:

"Q. Is that the same gun you shot John Mitchell with?

"MR. PRESTWOOD: Now we object to that . . .

"THE COURT: Yes, sustain.

"MR. PRESTWOOD: And move for a mistrial.

"THE COURT: I deny the motion for a mistrial, and the jury is instructed to disregard that question.

"Q. Well, you did shoot him, didn't you?

"MR. PRESTWOOD: We object to that.

"THE COURT: Yes, sustain.

"MR. PRESTWOOD: Counsel is now asking for it. If the Court please, we are going to insist on it.

"THE COURT: I'm going to instruct the jury once again and instruct counsel not to ask about any other shooting."

Tit. 30, § 100, Code of Alabama 1940, provides in part that:

"The courts . . . may discharge the jury without giving a verdict, . . . without the consent of the parties, when in the opinion of the court or judge there is a manifest necessity for the discharge, or when the ends of justice would otherwise be defeated. . . ."

The granting of a mistrial pursuant to the above is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have had upon the jury's ability to decide the case fairly and justly, and this court will not interfere with the trial judge unless there is clear abuse of such discretion. *Central of Georgia Railway Co. v. Steed,* 287 Ala. 64, 248 So.2d 110. As stated in *Shadle v. State,* 280 Ala. 379, 384, 194 So. 2d 538, 541, 542:

"[I]t is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability *to decide the defendant's fate fairly* and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion. . . ."

The trial court, in this instance, did not abuse his aforementioned discretion in refusing to grant a mistrial. See *Rutherford v. State,* 48 Ala.App. 289, 264 So.2d 210.

Appellant's final argued assignment of error is that the court erred to reversal in

overruling appellant's objection to the following comment made by opposing counsel in his closing argument to the jury:

"Let Mr. McCart go on out and cut somebody, just hope you don't kill somebody."

There was objection to the comment and the objection was overruled.

 There are no hard and fast rules determining what argument is proper or improper in the presence of the jury and much depends upon the issues, parties and general atmosphere of the particular case, and what constitutes proper argument by counsel to the jury must be left largely to the enlightened judge of the trial court with the presumption in favor of his ruling. See Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797; Southern Railway Co. v. Jarvis, 266 Ala. 440, 97 So.2d 549; Birmingham Loan Co. v. Klinner, 39 Ala.App. 125, 95 So.2d 402.

While this court might consider such argument unwarranted, considering the above principles of law, we do not believe the trial court abused its discretion and erred to reversal.

In this case, as in all cases involving a jury verdict, we have reviewed such verdict with a presumption of correctness, and where, as here, the trial court refuses to grant a motion for new trial, that presumption is strengthened. Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776; 2A Ala.Dig., Appeal and Error ⚖930(1).

Furthermore, Supreme Court Rule 45, as previously referred to, dictates that no judgment should be set aside or reversed on the ground of improper admission or rejection of evidence, unless it should appear that the error complained of has probably injuriously affected substantial rights of the parties. While we have perceived no reversible error in the trial court's action, as it pertains to the above, certainly, with Rule 45 in mind, the trial court should not be reversed.

All assignments of error properly presented and argued having been considered, the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.