HOLMES, Judge.
The plaintiff, Walter Thomas, brought suit against the defendants, Dee Ford, James Jurkoski, and Alan Downey, for assault and battery and malicious prosecution. The jury returned a verdict in favor of plaintiff Thomas.
*1218 Defendants appeal, complaining of certain evidentiary rulings of the trial court. We affirm.
We do not deem it necessary or prudent to set out in detail the facts. Viewing the record with the attendant presumptions of correctness, we find the following:
Plaintiff Thomas, a member of the U.S. Air Force, went with his brother to Dee Ford’s Lounge in Anniston, Alabama, on June 23, 1984. While plaintiff was at the lounge, he was involved in a fight with the defendants. In the course of the fight, plaintiff suffered a blow to his head, which rendered him unconscious. Plaintiff required medical treatment, which consisted, in part, of stitches to close the wound to his head. As a consequence of his injuries, plaintiff was detained from returning to his military base in Germany.
The defendants, through able counsel, contend that the trial court erred in allowing a physician witness to testify as follows:
“Q Doctor, if you would, please, tell the jury basically what dangers are associated with a blow to the head of the type received by Sargeant Thomas.
“A With the history that was given to Dr. Johnson about a blow, being struck on the head by a baseball bat, with the injuries that he came with to the emergency room, again, I’m not clear. Am I talking about the potential or what am I concerned with?
“Q All right. We’re talking about what sort of dangers are customarily associated with a blow to the head from a blunt instrument.
“A With the history and examination and the findings on examination, injuries could be from a simple contusion and laceration to a concussion to a cerebral contusion. His x-ray was negative, so we’re not worried about a skull fracture. There is a potential for a subdural hematoma with a blunt injury to. the head.”
Defendants contend this testimony should have been excluded because it related to speculation as to what could have happened from a blow of unknown force to the head. Defendants further contend that this questioning worked a detriment to them.
We do not agree with the defendants’ contention.
The testimony in question came after the physician-witness had given a thorough description of the actual injuries suffered by the plaintiff. This testimony is admissible as evidence to be considered with regard to the gravity of the injuries suffered by the plaintiff and the severity of the assault upon him, as was found in McCart v. Devine, 51 Ala.App. 678, 288 So.2d 739 (1973), a case strikingly similar to the instant issue.
We further find that, even if we accept the defendants’ contention that said testimony was inadmissible, it would appear that such evidence did not adversely affect the substantial rights of the defendants, and, therefore, any error would be harmless. Alabama Rules of Appellate Procedure 45; See also Barrett Mobile Home Transport, Inc. v. McGugin, 423 So.2d 1371 (Ala.Civ.App.1982).
Defendants next contend that testimony from the plaintiff constituted inadmissible hearsay. The testimony in question is as follows:
“Q How long did medical personnel delay before deciding to certify you?
“MR. BROOKS: Judge, just a minute. That calls for hearsay from other doctor that’s not here.
“MR. ADAMS: Judge, it’s not hearsay if he knows how long before they would certify him.
“THE COURT: Repeat your question.
“MR. ADAMS (resumed):
“Q How long was it before you were able to get the medical authorities at Ramstein to certify you as fit for duty?
“A An additional twenty-five days.
*1219 “MR. BROOKS: Judge, I want to renew my objection once again as to the new question. It still calls for hearsay from that person, whoever that person would be in Germany somewhere, that we can’t cross-examine as to why he couldn’t do it. He can’t answer that, so we can’t cross-examine him as to the reasons why.
“THE COURT: Overruled. Go ahead.”
“Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.” C. Gamble, McElroy’s Alabama Evidence, § 242.01 (3d ed. 1977) (citing E. Cleary, McCormick’s Handbook of the Law of Evidence § 246 (2d ed. 1972)). This rule of law has been adopted by the Alabama courts. See Stephens v. Central of Georgia Railroad, 367 So.2d 192 (Ala.1978).
The testimony in question related solely to the plaintiff’s having to wait for twenty-five days to be certified as fit for duty after having suffered the injuries in issue. It is obvious that the trial judge found the testimony to be within the witness’s knowledge and thus, coupled with its nonasser-tive character, admissible into evidence. We agree. Witness-plaintiff had personal knowledge of the evidence, and it did not constitute assertive conduct. The mere fact that other witnesses might be able to expand on said evidence does not render said testimony inadmissible hearsay.
We also note defendants failed to object to the above question until after the witness had responded. An objection to the introduction of evidence must be made after the question is asked and before an answer is given. An objection made after an answer is given is too late. Mitchell v. State, 450 So.2d 140 (Ala.Civ.App.1984). Therefore, defendants’ objection would appear to come too late.
It would further appear that, even if we accept the defendants’ contention that such evidence is hearsay, it is nonetheless “harmless error” within Rule 45, A.R.A.P.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.