Wal-Mart Stores, Inc., petitions this Court for a writ of mandamus directing the trial court to modify its discovery orders, so as to protect Wal-Mart from having to produce accident and incident reports from all 86 Wal-Mart stores in Alabama for the five years preceding July 27, 1995, the date of the request.
The plaintiff, Elizabeth Thompson, was shopping at the Wal-Mart store in Thomasville on June 26, 1993, when a footlocker fell from an upper shelf and hit her on the head. She was injured and taken to a hospital, where she had X-rays and received stitches. She sued Wal-Mart on theories of negligence and wantonness.
On July 27, 1995, Thompson filed numerous discovery requests including a request for all accident and incident reports from all Wal-Mart stores in Alabama for the past five years. In response, Wal-Mart stated that the request was unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.
The trial court entered an order on August 9, 1995, compelling production of the requested documents. The court stated in its order that if Wal-Mart could prove that production would be unduly burdensome, then it could return to court and inform the court of the problem and the court would reconsider its order. Wal-Mart produced only those accident reports compiled and maintained at the Thomasville store and made a further argument that total compliance with the trial court's order would be unduly burdensome and would not lead to the discovery of admissible evidence. Wal-Mart asked the trial court to modify its order so as to require production of only the Thomasville store reports.
January 25, 1996, the court again ordered Wal-Mart to produce the accident reports for all its Alabama stores. In response to this second order, Wal-Mart again filed a motion asking the court to reconsider that discovery order. It was denied.
On March 10, 1996, the trial court for the third time ordered Wal-Mart to produce the accident reports, and it ordered Wal-Mart to complete the production by April 17, 1996.
On March 25, 1996, Wal-Mart gave its counsel a list of all 86 Alabama stores. That same week, Wal-Mart counsel sent a letter requesting the accident and incident reports from each of the 86 stores. Wal-Mart explained thereafter to the trial court that these records were kept in the separate stores and stated that the stores were responding slowly to the requests. Two days before the court's April 17, 1996, deadline for completing discovery, Wal-Mart filed this petition for the writ of mandamus.
A writ of mandamus is a drastic and extraordinary remedy. One petitioning for the writ must show a clear legal right to the order sought; an imperative duty on the respondent to perform, accompanied by a refusal to do so; lack of another adequate remedy and properly invoked jurisdiction of the court. Ex parteJohnson, 638 So.2d 772 (Ala. 1994).
We must consider whether the trial court abused the wide discretion it is afforded in discovery matters. Rule 26(b)(1), Ala.R.Civ.P., *Page 67 
concerning discovery, states, "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
A trial court has very broad discretion in discovery matters, and its ruling on discovery matters will not be reversed absent a clear abuse of discretion. See Ex parte Thomas, 628 So.2d 483
(Ala. 1993); Home Insurance Co. v. Rice, 585 So.2d 859
(Ala. 1991). "[Rule 26] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit." Ex parte AMI West Alabama General Hospital,582 So.2d 484, 485 (Ala. 1991), citing Ex parte Dorsey Trailers,Inc., 397 So.2d 98 (Ala. 1981); Ex parte Pomerantz,590 So.2d 903 (Ala. 1991).
Wal-Mart's only attempts to comply with any of the trial court's three orders were 1) to produce the reports from the Thomasville store and 2) for its counsel to send the letter about two weeks before the final deadline for total compliance. Regarding the letter, counsel for Wal-Mart could report only that the other 85 stores were responding slowly. No documents were produced from those other stores. The trial court issued its first production order on August 9, 1995. During the discovery process the trial court held on three occasions, over a 7 1/2-month period, that Wal-Mart had not sufficiently proven that compliance would be unduly burdensome.
We conclude that Wal-Mart has failed to show that the trial court abused its discretion in this pre-trial discovery matter.
WRIT DENIED.
SHORES, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.