Dr. Mark Hsu and Southeastern Cardiology Consultants, P.C. ("Southeastern Cardiology"), have petitioned this Court for a writ of mandamus directing Judge Charles Price, of the Montgomery Circuit Court, to set aside his order granting David Blackmon and Anne Blackmon's motion to compel production of certain financial documents. For the reasons discussed below, we grant the petition.
 I.
In August 1996, the Blackmons filed a medical malpractice complaint containing counts alleging negligence, wantonness, and negligent supervision on the part of Dr. Hsu and Southeastern Cardiology in relation to Dr. Hsu's treatment of David Blackmon for a heart condition. When the Blackmons served their complaint on the defendants, they also served a request for production of documents. Paragraph 12 of the discovery request asked for "Any and all financial documents, showing the assets and liabilities of the Defendants."
The defendants objected to production of much of the discovery sought by the Blackmons, and in relation to the financial information sought by the Blackmons the defendants objected on the basis that the request was "irrelevant, immaterial, overly broad, vague, and beyond the scope of discovery permitted by the Alabama Rules of Civil Procedure." The Blackmons then moved the trial court to compel production of the requested discovery. With respect to the financial information requested in paragraph 12 of the Blackmons' discovery request, the trial court's order on the motion to compel stated: "Granted; however, none of the said records produced in response to this request shall be disclosed by the Plaintiffs or their *Page 225 
attorney without further leave of Court." Dr. Hsu and Southeastern Cardiology responded by filing this petition for the writ of mandamus.
 II.
Mandamus is a drastic and extraordinary writ that will be issued only when the following elements are met: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty to perform; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.Ex parte United Service Stations, Inc., 628 So.2d 501
(Ala. 1993). A trial court is vested with broad discretion to control discovery, and its ruling on discovery matters will not be reversed absent a clear abuse of discretion. Ex parteWal-Mart Stores, Inc., 682 So.2d 65 (Ala. 1996). A mandamus petition is a proper means of review to determine whether a trial court has abused its discretion in discovery matters. Exparte Life Ins. Co. of Georgia, 663 So.2d 929 (Ala. 1995). Thus, if Dr. Hsu and Southeastern Cardiology have a "clear legal right" to withhold the financial information requested by the Blackmons, we will grant Dr. Hsu and Southeastern Cardiology's petition.
 III.
Both the arguments made to this Court by the plaintiffs and those made by the defendants relate to when evidence of a defendant's wealth would be admissible in the bifurcated trial procedure adopted by this Court in Life Ins. Co. of Georgia v.Johnson, 684 So.2d 685 (Ala. 1996) (Johnson I); under that procedure, the jury would decide the issues of liability and damages in separate trials. However, that bifurcated trial procedure is no longer the law. Following a remand from the United States Supreme Court (see Life Ins. Co. of Georgia v.Johnson, ___ U.S. ___, 117 S.Ct. 288, 136 L.Ed.2d 207 (1996)), for reconsideration in light of that Court's opinion in BMW ofNorth America v. Gore, 517 U.S. 559, 116 S.Ct. 1589,134 L.Ed.2d 809 (1996), this Court recently released a second opinion in the Johnson case — Life Ins. Co. of Georgia v.Johnson, 701 So.2d 524 (Ala. 1997) (Johnson II). In Johnson II
this Court held that, given the standard of judicial review of punitive damages verdicts required by Gore, coupled with the procedural safeguards already established by this Court inHammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), andGreen Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), the bifurcated trial procedure adopted in Johnson I was no longer necessary. 701 So.2d at 534. Thus, the arguments relating to the Johnson I bifurcated trial procedure are no longer relevant to the issue before us.
Accordingly, we turn to long-standing Alabama law on the issue of admissibility of evidence of a defendant's wealth. Under that law, "evidence of a defendant's wealth is highly prejudicial and, therefore, inadmissible [during trial]."Southern Life Health Ins. Co. v. Whitman, 358 So.2d 1025,1026 (Ala. 1978), citing Alabama Fuel Iron Co. v. Williams,207 Ala. 99, 91 So. 879 (1921); Long v. Seigel, 177 Ala. 338,58 So. 380 (1912); Southern Car Foundry Co. v. Adams,131 Ala. 147, 32 So. 503 (1902); Ware v. Cartledge, 24 Ala. 622, 60 Am. Dec. 489 (1854). See Pacific Mut. Life Ins. Co. v. Haslip,499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). However, evidence of a defendant's wealth is considered relevant and admissible in a post-verdict hearing on alleged excessiveness of a punitive damages award, held before the trial judge pursuant to the procedure this Court adopted in Hammond v. Cityof Gadsden, supra.
The post-verdict timing for admission of evidence of a defendant's wealth, first established by this Court, is also reflected in Ala. Code 1975, § 6-11-23(b) (adopted followingHammond):
 "In all cases wherein a verdict for punitive damages is awarded, the trial court shall, upon motion of any party, either conduct hearings or receive additional evidence, or both, concerning the amount of punitive damages. Any relevant evidence, including but not limited to the economic impact of the verdict on the defendant . . . shall be admissible; however, such information shall not be subject to discovery, unless otherwise discoverable, until after a *Page 226 verdict for punitive damages has been rendered."
(Emphasis added.) That portion of § 6-11-23(b) emphasized above prohibits a plaintiff's discovery of evidence of a defendant's wealth until after a verdict awarding punitive damages has been returned.
Based on the authorities cited above, we conclude that the trial court erred in ordering the defendants to provide the financial information sought by the plaintiffs in paragraph 12 of their discovery request, and we conclude that the defendants have a clear legal right to the extraordinary relief they seek. However, we note that when Judge Price entered his order on this discovery matter we had not yet released our opinion inJohnson II, which eliminated the bifurcated trial procedure established in Johnson I. We are further aware that when Judge Price made his ruling many questions remained as to how the bifurcated trial procedure would actually work. Accordingly, although we grant the defendants' petition for a writ of mandamus — because the defendants have a clear legal right to the relief they seek — we are hesitant to say that Judge Price "abused his discretion."
PETITION GRANTED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
SEE, J., concurs in the result.